JOHN C. STAPLETON *et al.* v. J. WESLEY ORR *et al.*

1. ATTACHMENT — *Motion to Dissolve — Evidence — Transcript.* Where all the evidence offered on the hearing of a motion to dissolve an attachment is attached to an amended and supplemental answer, and referred to as a part thereof, and is certified to properly, it becomes properly a part of the transcript in this court in proceedings to review alleged errors apparent on the face of the record.

2. ————— *Apparent Error — New Trial.* Where an alleged error is apparent by an examination of the pleadings and judgment, such error can be reviewed in this court without a motion for a new trial.

3. ————— *Not an Adjudication.* The judgment of a court vacating an attachment is not an adjudication of the merits of the action.

*Error from Lane District Court.*

THE plaintiffs in error, as plaintiffs, filed their petition in the Lane district court, asking for a judgment against defendant Orr for $4,544.10, and that certain lots held by the other defendant, Julia E. Lewis, be adjudged to be the property of plaintiffs, and that her deed therefor from Orr be set aside, and a commissioner be appointed to execute a deed to the same to plaintiffs.　The plaintiffs and defendant Orr were partners in the lumber business at Dighton and Pierceville, under the firm-name of The Orr & Stapleton Lumber Co.; the firm became embarrassed in business and the members agreed upon a dissolution, and did dissolve in May, 1886.　In the agreement for dissolution and the settlement of the partnership affairs between themselves and the defendant Orr, he fraudulently and falsely, by means of changed, altered, and false entries in the books, misrepresented the accounts due said firm and the assets belonging to it, with the intent to defraud the plaintiffs, and they were misled by such false statements and changes in the books.　They further allege that certain real estate which belonged to the firm, describing it, was, in fraud of plaintiffs' rights, transferred and conveyed by Orr to his sister, said Julia E. Lewis.　At the commencement of the action an order of attachment was issued out of the district court, and the property of Orr attached.　There were several grounds alleged in the plaintiffs' affidavit, among the rest that he had fraudulently contracted the debt and incurred the liability and obligation for which this action was brought.　Orr made a motion to dissolve the attachment, which was heard at the December term of the district court.　The testimony upon this motion was quite voluminous, and is preserved in full.　The court vacated the attachment.　At the April term, 1887, by agreement of the parties in open court, a referee was appointed to hear and determine said case, and make a report on or before September 24, 1887.　Evidence was submitted before the referee, and he made findings of fact and conclusions of law in favor of the plaintiffs, awarding them $3,000.　On

motion of the defendants that report was set aside, at the October term, 1887. The defendants then, upon leave of the court, amended their answer, alleging that the issues had been finally adjudicated by the court at the December term, 1886, on a motion to dissolve the attachment, and annexed as exhibits to their answer the affidavit for attachment, journal entry of the order of the court dissolving the attachment, and the testimony taken upon the hearing of said cause. Upon the pleadings so amended this case came on for trial, and at the October term, 1887, it was found by the court that all the issues had been once fully tried upon the motion to dissolve the attachment herein, and a judgment rendered in favor of defendants for costs. The plaintiffs excepted to the judgment, and bring the case here for review.

*Milton Brown*, *M. A. Calhoun*, and *Rossington, Smith & Dallas*, for plaintiffs in error.

*S. T. Fenn*, for defendants in error.

Opinion by HOLT, C.: The defendants say that we cannot investigate the merits of the action, for the reason that no motion for a new trial has been filed. Where an error is apparent upon the face of the record, a motion for a new trial is unnecessary. In this case the judgment was based upon the pleadings, and the error appears, and an exception was taken to the judgment at the time of its rendition. It is claimed that we cannot examine the testimony submitted before the district court upon the motion to dissolve an attachment. We could not, we think, do so in order to determine whether or not the order of dissolution was correct; but as the defendant has made it a part of his answer, we certainly can treat it as a part of the pleadings in this case.

The defendants say, however, that the evidence was not properly a part of the transcript; but in their amended answer they aver that "the entire evidence taken upon the motion to dissolve the attachment is hereto attached, marked 'Exhibit A,' and made part and parcel of this answer." From

the pleadings and the judgment it is clearly shown that the judgment is based upon the fact that the issues in the case had been once determined upon the motion to dissolve the attachment, and the court held that the previous order vacating the attachment must control and be decisive of the merits of the case. The defendants' theory is, that because the testimony upon the motion to dissolve was directed exclusively to that portion of the affidavit which states that the defendant Orr had fraudulently contracted the debt and incurred the liability and obligation for which the above-named suit had been brought, and the charge in the petition that Orr had fraudulently misled the plaintiffs by making false entries in the firm's books, and concealing and misrepresenting the accounts, property and assets of the firm — both allegations of fraud being substantially the same — that the issues joined by the pleadings had been practically and in fact determined by the order vacating the attachment in favor of defendant Orr, for the reason, they say, that unless the plaintiffs should establish that Orr practiced fraud and deceit in the settlement between the partners, they would fail in their action.

It is further urged by the plaintiffs, that because all the parties after the dissolution of this attachment entered into an agreement in open court to submit the issues to a referee, they are estopped by such agreement to raise the question of a prior determination of the case. It will be unnecessary to pass upon this phase of the case, though it is pressed with earnestness, and many authorities cited by the plaintiffs to sustain their theory; but without examining or attempting to determine it, we prefer to place our decision squarely upon the ground that an order on a motion to vacate an attachment does not determine the merits of the action itself. In actions of this nature it is conceded that the evidence would be substantially the same, so far as the allegations of fraud are concerned, on a motion to dissolve and vacate an attachment, as it would be on the trial of the action upon its merits; yet the manner of introducing the evidence might be different, and the trial upon the motion unlike the one upon the pleadings. On a motion

to vacate an attachment affidavits are admissible — very often the only evidence admitted. In this case, however, the evidence was given orally in court. Upon the trial of an action upon the issues joined, it may be by the court alone or by the court and a jury, as to all the issues of fact or certain questions of fact submitted to them by the court, or as in this case, all the issues of law and fact may be submitted to a referee. If an order dissolving an attachment should be the final determination of the case, then the plaintiffs would be deprived of a trial in the due and regular way. They could not have their evidence submitted to a jury or referee; it would be disposing of the cause in a collateral and summary manner, as the proceedings in attachment are simply auxiliary to the action itself.

This is not a new question in this state. In *Bundrem v. Denn*, 25 Kas. 430, it is decided that on a motion to vacate an attachment the court cannot inquire into the validity or justice of the cause of action for the purpose of investigating its merits, but may examine into the alleged existence of the grounds of attachment set forth in the affidavits, even though they might trench upon that ground for the purpose only of determining whether the attachment should be vacated. (See also *Benz v. Hines*, 3 Kas. 390; *Watson v. Jackson*, 24 id. 442; *Tucker v. Green*, 27 id. 355; *Schulenberg v. Farwell*, 84 Ill. 400; *Alexander v. Brown*, 2 Disn. 395.)

What is said in *Comm'rs of Wilson Co. v. McIntosh*, 30 Kas. 234, does not conflict with anything said in the opinion. There had been a motion in another action to retax costs, made after the judgment, concerning a question upon which the parties were not entitled to a jury, as the decision in such cases is given by the statute expressly to the court. In that opinion it is stated that the doctrine of *res adjudicata* does not apply to interlocutory motions so far as determining the same subject-matter again in the more regular form of an action in law or equity.

We recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.