LA QUINCY PHILLIPS *et al.* v. J. MACK LOVE *et al.*, *Executors*.

No. 10713.

1. CASE-MADE — *waiver of notice of settling, waives objections to judge's action in settling*. Where a case-made is served within the time allowed by the court, and, after the time for suggesting amendments has expired, the attorneys for the defendant in error sign an indorsement on the case-made which reads as follows: "We hereby consent that the foregoing case-made may be pre-sented to the Hon. M. G. Troup, judge of the above-named court, for allowance and settlement, this 24th day of December, 1891, hereby waiving any notice of the time and place for such settle-ment," the trial judge has a right to proceed to settle the case on the day named, whether such attorneys are present or not; and it will be presumed that all amendments desired were suggested and duly acted on by the judge. And where, on such a waiver, the judge signed and allowed the case, certifying that it was full and correct, a motion to dismiss the petition in error for want of notice and defects in the certificate should be overruled.

Statement of the Case.

2. SIX MONTHS' STAY — *where appraisement waived, begins from judgment of foreclosure, though judgment against indorser not rendered until subsequent term.* In an action on certain promissory notes against the makers and indorsers thereof, and to foreclose a mortgage securing the same, by which appraisement of the property is waived, where judgment is rendered against the mortgagors, for the amount of the notes and for a foreclosure and sale of the mortgaged property, at one term of court, and the case continued as between plaintiffs and the indorser of the note to a subsequent term, at which judgment is rendered against the indorser on one of the notes, and where the indorser has no title to, or interest in, the mortgaged property, the six months' stay required by law begins to run from the date of the first judgment. Following *Geuda Springs Town and Water Co. v. Lombard,* ante, p. 625, 57 Pac. Rep. 532.

3. PURCHASE BY ADMINISTRATRIX — *in her own name of land sold under foreclosure of mortgage due the estate, not absolutely void.* In such an action, a sale to the administratrix, in her individual name, of the mortgaged property, by the sheriff under a decree of foreclosure, is not absolutely void, and may not be attacked in an independent action by an indorser against whom a personal judgment is rendered in the action on one of the notes.

4. CONFIRMATION OF SALE — *cannot, by an independent action, be attacked because of inadequacy of price.* An order duly made confirming a sale of real estate made by the sheriff under an order of sale issued on a judgment of foreclosure, is an adjudication of the regularity of the proceedings of the officer; and cannot be attacked in an independent action on the ground of mere inadequacy of the price for which the property sold.

*Error from the Court of Appeals, Southern Department.*

REVERSED AND REMANDED.        OPINION FILED MARCH 6, 1897.

ON November 7, 1887, one Harnley and wife executed to James Hill two promissory notes for $650 each, together with a mortgage on certain real estate securing them. Hill indorsed the note to James Phillips. The notes were not paid at maturity, and proper steps were taken to charge Hill as indorser on one of them, but not on the other. On March 5, 1889, Phillips brought suit on the notes and to foreclose the mortgage against Harnley and wife, Hill and Mary

J. Tyner.    During the pendency of the action, Hill died, and the action was revived against the defendants in error as the executors of his estate.    James Phillips also died, and the action was revived in the name of plaintiffs in error as administrators of his estate.    On the 1st of February, 1890, the action was tried on the issues between the plaintiffs and Harnley and wife and Mary L. Tyner, resulting in a judgment in favor of the plaintiff for $1,589.95 and a decree for foreclosure of the mortgage.    The case as against Hill's executors was continued, and tried on the 26th of April following, resulting in a judgment against them on one note for $810.67.    On the 11th of August, 1890, an order of sale was issued on the judgment, which directed a sale of the property without appraisement; and the property, after having been duly advertised, was sold to La Quincy Phillips for $150. The sale was made on the 15th of September and confirmed on the 19th of the same month.    On the 2d of October, Hill's executors moved to set aside the same. The plaintiff objected to the introduction of any evidence on the motion, on the ground that the Court was without jurisdiction to hear and determine the same, which objection was sustained by the Court, and the motion was thereupon dismissed without prejudice.    On the 16th of October, a sheriff's deed was executed conveying the property sold to La Quincy Phillips.    On the 25th day of the same month this action was commenced by Hill's executors, as plaintiffs, to set aside the sheriff's sale and deed thereon.    The grounds relied on by the plaintiffs were that the order of sale was prematurely issued, because less than six months had elapsed after the rendition of the judgment against Hill's executors; that the price paid was inadequate; and that the purchaser,

Opinion of the Court.

being an administratrix, had no right to purchase the property in her own name. The case was tried to the Court, and judgment rendered setting aside the sale and sheriff's deed. La Quincy Phillips and the other administrators of the estate of James Phillips, deceased, who had been made parties defendant, filed a petition in error and case-made in this Court to reverse the judgment. The case being one in which the Court of Appeals had jurisdiction, it was certified down to the Central Division of the Southern Department, where a motion to dismiss the petition in error was made by the defendant in error, on the ground that the case-made had not been properly settled and allowed. This motion was sustained by the Court of Appeals. On application of plaintiffs in error the case was ordered certified to this Court.

*Charles L. Brown* and *Madden & Buckman*, for plaintiffs in error.

*Pollock & Love*, for defendants in error.

ALLEN J.   The first question in this case arises on the ruling of the Court of Appeals dismissing the petition in error.   The objections to the record are : "That it shows no waiver on the part of counsel for plaintiffs of the suggestion of amendments, does not show that amendments were not suggested, and shows that the case-made, without amendments, was presented to the trial judge for signing and settling, and does not show that attorneys for the plaintiffs were present at the time the case-made was settled." The motion for a new trial was overruled September 28, 1891. The defendants were given 60 days to make and serve a case, and the plaintiffs 20 days thereafter to suggest amendments. The case was served on plaintiffs'

attorneys on November 24. On December 24, which was after the time for suggesting amendments had expired, the following waiver was written on the case and signed by plaintiffs' attorneys :

1. Waiver of notice of settling case-made.

"We hereby consent that the foregoing case-made may be presented to the Hon. M. G. Troup, Judge of the above-named Court, for allowance and settlement this 24th day of December, 1891, hereby waiving any notice of the time and place for such settlement." Thereupon, on the 24th of December, the case was signed by the Judge, who certified, among other things, "that said case-made is a true, full, and correct case-made in said cause, and is signed and allowed by him as such." If the plaintiffs had any amendments to suggest, their time for suggesting them had expired. They consented that the case might be presented to the Judge on a day named, and waived any notice of the time and place. This clearly conferred authority on the judge to proceed in their absence and settle the case. If they had suggested amendments it was their duty to attend at the time of settlement and see that they were duly considered by the judge. We are not to presume either that they did, or did not, suggest amendments ; or, if they did suggest them, that the amendments either were, or were not, incorporated in the case-made. The judge, at the time stated in the waiver, did sign the case, and certify that it was true, and the plaintiffs were bound under their waiver by whatever he did. The form of the certificate is sufficient. *A. T. & S. F. Rld. Co. v. Cone*, 37 Kan. 567 ; *Mudge v. National Bank*, 56 id. 353. The Court of Appeals erred in dismissing the case.

The grounds relied on to avoid the sale were : That the order of sale was prematurely issued ; that the

purchaser, being the administratrix of her deceased
husband's estate, was incapacitated to purchase, and
that the sale was for an inadequate price. The order
of sale was not prematurely issued. More than six
months had elapsed from the date of the judgment
against the Harnleys foreclosing the mortgage. This
judgment was rendered on the 1st of
February, and the order of sale was not
issued until the 11th of August. The
period of the stay begins to run from the date of the
judgment directing the sale. *Geuda Springs Town and
Water Co. v. Lombard et al.*, ante, p. 625, 47 Pac. Rep.
532. The judgment against the Hill estate, subse-
quently rendered, was a judgment for money. Hill's
executors claimed no title to, or interest in, the mort-
gaged property. There was no occasion for a fore-
closure as against them, for a full title to the
mortgaged property could have been made without
Hill's executors being parties to the suit. Their only
interest in the foreclosure and sale of the mortgaged
property was in protecting their estate from liability
on account of Hill's indorsement of the note.

*2. Six-months' stay begins from judgment of foreclosure.*

The purchaser at the sale, La Quincy Phillips, oc-
cupied a fiduciary relation to creditors and distributees
of the estate of James Phillips. As between heirs
and persons interested in that estate she could not,
to their detriment, speculate with funds belonging to
the estate, but toward the Hill estate she occupied no
relation of trust or confidence. They are in no po-
sition to charge her with violation of her trust. A
purchase by an executor or administrator
under foreclosure of a mortgage due the
estate is not absolutely void as against
the whole world, whether the purchase be in his indi-
vidual name or as executor or administrator. *Merket*

*3. Purchase by administratrix not void, when.*

53—57 KAN.

*v. Smith,* 33 Kan. 66; *Beck v. Urich,* 16 Pa. St. 499; Perry, Trusts, § 127 *et seq.; Briggs v. Railroad Co.,* 56 Kan. 526. This leaves but one remaining ground of attack — that of inadequacy of price. The property was sold for $150. There is evidence tending to show that it was worth $1,200. At the trial the plaintiffs offered in open court to bid the full amount of the judgment against the Hill estate at a resale of the property. Mere inadequacy of price, taken alone, is generally held insufficient ground for setting aside a sheriff's sale. *Means v. Rosevear,* 42 Kan. 377; *Babcock v. Canfield,* 36 id. 437; *Jones v. Carr,* 41 id. 329. But where application for relief is made in due time by motion to set aside the sale, or in resistance of the motion to confirm, gross inadequacy of price is a circumstance of great weight, when taken in connection with other irregularities, if not of itself sufficient to warrant the setting aside of the sale. This, however, is a matter directly involved in the conduct of the sale by the sheriff. In this case a motion was filed to confirm the sale, and one of the counsel for the plaintiffs testified that he saw the motion and learned of the sale before the confirmation. No reason was shown at the trial why this question could not have been properly presented when the motion to confirm the sale was heard. The question of price obtained at the sale is always one of the circumstances to be considered by the court in confirming or setting aside a sale, and the order entered confirming this sale was an adjudication against the plaintiffs on the question of inadequacy of price. They could not thereafter maintain an independent action to retry matters necessarily involved in the confirmation of the sale. *Cross v. Knox,* 32 Kan. 725; *Capital Bank v. Huntoon,* 35 id. 577.

4. Confirmation of sale cannot be attacked by independent action.

Errors committed by the trial court on motions to confirm or set aside judicial sales may be reviewed in this Court; and the plaintiffs appear to have had a full opportunity to contest the sale in the usual and ordinary manner in the trial court, and might by petition in error have had its action reviewed here in a direct proceeding in the original action. Though this is, in one sense, a direct attack on the sale, it is an attack by an independent action, which leaves the order confirming the sale as an adjudication of every matter then presented to the court, or which ought to have been presented for its determination. Though there were some averments of fraud in the petition, they were not sustained by the proof, nor was there any finding by the court of any such fraud.

The judgment is reversed, and the case remanded for a new trial.

All the Justices concurring.