E. W. BLAIR, *Assignee*, v. E. M. ANDERSON.

No. 9670.

RES JUDICATA— *order denying assignee's motion to dissolve attachment levied on assigned property, not conclusive as to validity of assignment in subsequent replevin by assignee.* The decision of the court overruling motions made by the assignor and assignee to discharge property of an insolvent debtor from an attachment levied thereon, is not such a final adjudication of the validity of the deed of assignment as will preclude the assignee from maintaining an action of replevin to recover the attached property, even though the sole ground for the attachment was that the deed of assignment was fraudulent, and the trial of the motions was had on oral testimony bearing on that point. The fact that the attachment was on a claim not due does not change the rule.

Error from Saline District Court. Hon. R. F. Thompson, Judge. Opinion filed April 10, 1897. *Reversed.*

*Bond & Osborn* and *T. F. Garver*, for plaintiff in error.

*Mohler & Hiller*, for defendant in error.

ALLEN, J. Swain Pearson was a manufacturer of carriages, wagons, and other articles at Salina. On the sixth of April, 1893, he executed a deed of assignment for the benefit of his creditors, to E. E. Swan-

son, who took immediate possession of the assigned property. On the next day, the Paddock & Hawley Iron Company commenced an action in the District Court against Pearson, and caused an attachment to be issued and levied on a portion of the property in the possession of the assignee. Subsequently, Swanson and Pearson filed separate motions to discharge the attachment; Swanson claiming the goods by virtue of the deed of assignment. These motions were heard by the court on oral evidence. Special findings of fact were made, and the court, as a conclusion of law, held the assignment fraudulent and void, and overruled the motions to discharge the attachment. Afterward, Swanson, as assignee, brought this suit, which is, in form, an action of replevin to recover the property levied on by the sheriff under the attachment in the case first mentioned. E. W. Blair, who was elected permanent assignee by the creditors, was afterward substituted as plaintiff. The defendant pleaded the decision of the court on the motions to discharge the attached property as an adjudication of the invalidity of the assignment. On demurrer to the answer, as well as on the trial of the case, the court sustained the defendant's position, and held the decision on the motions conclusive between the parties in this case. The sole question for our determination is the correctness of this ruling.

The question when a decision of a court on a motion becomes a final adjudication between the parties of the matters necessarily involved in the consideration of the motion, is often one of much difficulty. Most of the cases in this court have arisen on orders confirming or setting aside sheriffs' sales; and, in those cases, it is held that the order of the court is conclusive on all matters involved in the proceedings of the officer in executing the writ. *Phillips v. Love,*

57 Kan. 828. It is, perhaps, unnecessary at this time to discuss the reasons for the rule in such cases, but it may be remarked that the order confirming a sale is made after judgment in the action, in pursuance of a provision of the statute requiring the court to examine the proceedings of the officer, and, if regular, to approve them, and direct a conveyance of the property sold. The determination of such a motion becomes a final order after judgment, and as such is reviewable on proceedings in error in this court. The order set up in this case as an adjudication of the rights of the parties, was one refusing to vacate an attachment, and is not, under section 542 of the Code, reviewable by proceedings in error. This action is brought by the assignee to recover the possession of specific personal property. In such a case, the parties have a right to a trial by jury. Motions to discharge attachments are tried by the court; and may be heard on affidavits and written evidence alone, without any opportunity for the cross-examination of witnesses. They may even be heard out of court, by the judge at chambers. Gen. Stat. 1889, ¶ 1962; *Shedd v. McConnell*, 18 Kan. 594; *Wells, Fargo & Co. v. Danford*, 28 id. 487. From these considerations, it is plainly apparent that an order overruling a motion to vacate an attachment lacks much of a formal adjudication of the title to the attached property. We think this case falls fairly within the rule followed in *Stapleton v. Orr* (43 Kan. 170); *Boot and Shoe Co. v. August* (51 id. 53), and *National Bank v. Barkalow* (53 id. 68).

Though the questions considered on the hearing of the motions to discharge the attachment were the validity of the deed of assignment and the alleged fraud of the parties to it, the hearing on the motions was not such a trial of the questions as precludes the assignee, or his successor in interest, from bringing this

action and trying the title to the property in a regular and formal action.  The fact that the suit of the Paddock-Hawley Iron Company was brought on a claim not due, does not change the rule, though valid grounds for an attachment are prerequisites to the prosecution of an action on a claim not due.  The hearing on a motion to vacate the attachment is in all respects the same as that in an action on a claim past due.  The determination of the court as to the title of a third person to the attached property is no more conclusive in the one case than in the other.  Though, between the parties to the record, the judgment finally rendered in the attachment suit may be conclusive of the right to the attachment, it is not, as to the assignee claiming as the representative of the creditors, conclusive of the right to the attached property.

The judgment is reversed, and the cause remanded for further proceedings.