THE J. V. BRINKMAN COMPANY BANK v. J. J. GUS- TIN et al.

No. 12,513. (66 Pac. 990.)

SYLLABUS BY THE COURT.

ATTACHMENT—*Right to Subsequent Order.* An order made by a judge at chambers discharging an attachment levied by one asssuming to act as an officer, but not qualified to make such levy, which order is made after the plaintiff has filed a release of the attachment, and in the absence of counsel for plaintiff, without contest, is not an adjudication against the right of the plaintiff to cause the property to be seized under a subsequent order of attachment, based upon the original affidavit filed at the com- mencement of the action.

Error from Barton district court; ANSEL R. CLARK, judge.  Opinion filed December 7, 1901.  Division two. Reversed.

*Wm. Osmond,* and *Elrick C. Cole,* for plaintiff in error.

*J. W. Clark,* for defendants in error.

The opinion of the court was delivered by

POLLOCK, J.:  On the 4th day of October, 1899, plaintiff in error brought its action against defendants in error Gustin and wife on a promissory note for $1500, and procured an order of attachment to be levied on certain personal property as the property of defendant in error J. J. Gustin.  The writ was levied by one Zutavern, who had no authority to execute its commands.  By virtue of the levy there came into the hands of Zutavern a large amount of personal property.  On the 14th day of October, upon the return of the writ, the defendant filed his motion to discharge the attachment, and on the same day defendant in error Clark, claiming to be the owner of a portion of the property seized, filed his motion for an order discharging the property by him claimed from the levy of the writ.  Each of said motions, among other grounds, alleged that Zutavern was without lawful authority so to do, which motions were supported by affidavits, and, among them, was the affidavit of the county clerk, showing the want of authority in Zutavern to execute the writ.  These motions were noticed for hearing before the judge of the district court, at chambers, on the 23d day of October.

On the 21st day of October the plaintiff filed in the

office of the clerk of the district court the following release : "Comes now the plaintiff and releases the property attached in the above-entitled action under the order of attachment dated October 4, 1899, from the levy under said order made." On the same day plaintiff filed a new bond in attachment and caused another writ of attachment to issue and levy to be made upon a portion of the property theretofore seized under the writ of October 4. On October 23 defendants in error, by their counsel, appeared before the judge of the district court, at chambers, and procured an order discharging the property from levy under the writ of October 4. This order recited the failure of the plaintiff to appear and present any proofs in support of the attachment ; the release of the property by the plaintiff from attachment ; ordered the attachment dissolved, and the property discharged from the levy thereof ; and further, ordered the property to be returned to the defendants in error, "unless now held by a subsequent order of attachment." On November 1, defendants in error filed motions to discharge the property from the levy of the writ of attachment issued October 21, alleging, among other grounds, the order of the judge of October 23 sustaining the motions filed to dissolve the attachment and discharge property from the levy of the writ of attachment of October 4 as final and conclusive between the parties, and an adjudication against the right of the plaintiff to seize and hold the property under the attachment, upon any ground specified in the affidavit in attachment filed at the commencement of the action. These motions were heard by the court in term time, and the plea of former adjudication was overruled as to Gustin and sustained as to Clark. Plaintiff brings error.

The sole question presented for determination is, Was the order of the district judge at chambers discharging the property claimed by Clark from the levy of the writ of attachment issued October 4 conclusive, and a final adjudication against the right of plaintiff to seize and hold the property under the writ of attachment issued October 21, based upon the original affidavit in attachment? We are of the opinion that this question must be answered in the negative. Many sound reasons for this ruling might be given under the facts in the case at bar. As a general rule, subject, however, to exceptions, the doctrine of *res judicata* is not applicable to orders made on motion. (*Stapleton v. Orr,* 43 Kan. 170, 23 Pac. 109; *National Bank v. Barkalow,* 53 id. 68, 35 Pac. 796; *Blair v. Anderson,* 58 id. 97, 48 Pac. 562, 62 Am. St. Rep. 606; *Bank v. Bank,* 59 id. 354, 53 Pac. 132.) This rule should apply with special force in cases where the order relied upon as an adjudication is made by a judge at chambers upon an *ex parte* hearing, as in the case at bar.

Again, it has been many times determined by this court that the rule to be applied in the determination of the question as to whether or not a decision made upon motion shall be held an adjudication of the question passed on depends more on the substance and condition of the decision than on the form of the proceeding. (*Hoge v. Norton,* 22 Kan. 375; *Comm'rs of Wilson Co. v. McIntosh,* 30 id. 238, 1 Pac. 572; *Axman v. Dueker,* 45 id. 179, 25 Pac. 582.) Applying this rule to the present case, it will be seen that the decision on the motions leveled at the seizure of the property under the writ of October 4 was not only *ex parte* and without contest before the judge at chambers, but also was made after the release of the

property by plaintiff from the levy made under that writ, and, as a consequence of such release, the judge was called on to determine no ground of the motions presented. It was only necessary to give effect to the release filed; also, it will be seen that defendants in error may have had, and in this case undoubtedly did have, ample reason for quashing the levy of the writ of October 4, in that Zutavern had no lawful authority to levy the writ, which would not apply to the levy made under the writ of October 21. It is further apparent that the judge, in vacating the levy made under the writ of October 4 and directing the return of the property to defendants in error, expressly made the order of return conditional upon the property's not being held under a levy made upon a subsequent writ of attachment.

It follows that the order discharging the property claimed by defendant in error Clark upon the ground of former adjudication is erroneous, and must be reversed.

CUNNINGHAM, GREENE, JJ., concurring.