R. L. McDONALD & Co. v. THE SYMNS GROCER COMPANY.

No. 12,024.   ( 67 Pac. 1111.)

SYLLABUS BY THE COURT.

TROVER AND CONVERSION—*Limitation of Action.*  An order made by a judge at chambers, on the motion of a mortgagee, discharging an attachment obtained by a creditor of a mortgagor, to reverse which a proceeding in error is brought that operates as a stay of the order, does not prevent the mortgagee from beginning an action against the creditor to recover damages for conversion of the attached property, nor do the proceeding in error and stay suspend the running of the statute of limitations as against the action for conversion.

Error from Atchison district court; W. T. BLAND, judge.   Opinion filed March 8, 1902.   Affirmed.

*Geo. A. Vandeveer, Frank L. Martin, J. F. Woodson,* and *Stanley, Vermillion & Evans,* for plaintiff in error.
*Jackson & Jackson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.:  M. D. Lee, who had a stock of general merchandise in Anthony, mortgaged the same to R. L. McDonald & Co.   After the latter had gained possession of the stock, and on September 23, 1895,

34—64 KAN.

the Symns Grocer Company caused an attachment to be levied on the stock as the property of Lee. Soon afterward R. L. McDonald & Co. intervened and moved for a discharge of the attachment. The motion to discharge was heard before the district judge at chambers on November 19, 1895. The judge found that R. L. McDonald & Co. were entitled to the possession of the goods under their chattel mortgage, and the order made was that the attachment should be dissolved and that the sheriff should deliver the goods to R. L. McDonald & Co. Instead of surrendering the possession of the goods, a stay of the order was obtained, and within thirty days a proceeding in error was brought in the court of appeals. That proceeding remained pending until the 5th day of September, 1899, when the order of the district judge was affirmed. The mandate of the court of appeals was spread on the records of the district court on January 16, 1900, and it directed the enforcement of the order. The goods were not then delivered, although the possession of the same was demanded, and on December 15, 1900, the present action was brought. In the petition the facts hereinbefore related were set up, and it was alleged that the goods were wrongfully seized by the sheriff; that the Symns Grocer Company wrongfully induced the sheriff to refuse a delivery of the goods; that during the time of detention the goods had greatly depreciated in value and become practically worthless, and that the defendant had sold the same and appropriated the proceeds. The plaintiff asked judgment in the sum of $3000, the value of their interest in the stock of goods.

According to the averment of the petition, the conversion of the stock occurred in 1895, nearly five years before the action was brought. On a demurrer of the

defendant the court held that the action was barred, and gave judgment for the defendant. An action of conversion is barred in two years after it accrues, and the question presented is whether the pendency of the attachment action and of proceedings in the court of appeals to review the order of the district judge discharging the attachment suspended the running of the statute of limitations. It is insisted that the decision of the judge at chambers discharging the attachment was *res judicata,* and that it was effectually stayed by the proceedings in error until the decision of the court of appeals in 1900. As a general rule the doctrine of *res judicata* is not applicable to orders made on motions, and especially where they are made by a judge at chambers. A decision not made by the court, based on affidavits and written evidence, without opportunity for the cross-examination of witnesses, lacks much of a formal adjudication, where the parties have a right to a trial by jury. (*Stapleton v. Orr,* 43 Kan. 170, 23 Pac. 109; *Boot & Shoe Co. v. August,* 51 id. 53, 32 Pac. 635; *National Bank v. Barkalow,* 53 id. 68, 35 Pac. 796; *Blair v. Anderson,* 58 id. 97, 48 Pac. 562, 62 Am. St. Rep. 606; *Bank v. Bank,* 59 id. 354, 53 Pac. 132; *Bank v. Gustin,* 63 id. 758, 66 Pac. 990.)

Again, there is a marked difference between a proceeding to discharge the attachment and the present action. Both involved, it is true, the right of McDonald & Co. to the property, but the order discharging the attachment directed the sheriff to deliver the property to R. L. McDonald & Co., while in the action of conversion a judgment in damages for the value of the property is sought against the Symns Grocer Company. The action for conversion cannot be regarded as a continuation of the attachment pro-

ceeding nor as a process for the enforcement of the order discharging the attachment. The action to recover the property or the value thereof in replevin or for the conversion of the goods might have been maintained at any time after the wrongful seizure of the goods by the sheriff. (*Watson v. Jackson*, 24 Kan. 442; *Boot and Shoe Co. v. August*, supra.) The stay resulting from the proceeding in error did not operate to suspend proceedings in the trial court further than to stay execution of the order sought to be reviewed. (*Heizer v. Pawsey*, 47 Kan. 33, 27 Pac. 125; *Willard v. Ostrander*, 51 id. 481, 32 Pac. 1092, 37 Am. St. Rep. 294; *Delay v. Yost*, 59 id. 496, 53 Pac. 482.)

The decision in the attachment proceeding, as we have seen, did not involve the right of R. L. McDonald & Co. to the value of the property in case the same was not delivered, nor the damages for its conversion, but was confined strictly to the order to the sheriff to deliver the specific goods. The present action, therefore, not being one for the enforcement of the order, was not affected by the stay, nor was the statute of limitations suspended as against the action while the proceeding in error was pending. It follows that the cause of action was barred, and therefore the judgment of the district court will be affirmed.

Doster, C.J., Ellis, Pollock, JJ., concurring.