| 65 | 15 |
| 67 | 193 |

## A. H. GAUMER v. A. W. TERREL.

### No. 12,582.   ( 68 Pac. 1071.)

#### SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS — *Foreign Judgment.*   In an action on a judgment rendered in another state upon confession, the petition alleged that, by the terms and provisions of the statutes of that state, the judgment became operative on the expiration of eighteen months from the rendition thereof, and not before.   The trial court found that the averments of the petition were true. *Held,* that the eighteen months' time preceding the date that the judgment became operative must be excluded in applying the statute of limitations of this state.

Error from Harper district court; P. B. GILLETT, judge.   Opinion filed May 10, 1902.   Reversed.

*E. C. Wilcox*, for plaintiff in error.

*J. D. Bradley*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover the amount of two judgments rendered against the defendant in error in the court of common pleas of Champaign county, Ohio, on June 6, 1893. The judgments were rendered on warrants of attorney, made part of the notes sued on, and signed by Terrel. Thus confessed, they are valid by the statutes of Ohio.

This action was commenced in the district court of Harper county on August 18, 1899. The petition contains this allegation as to each claim :

"That said judgment was rendered upon a warrant of attorney, in compliance with the statute in the state of Ohio in such case made and provided, and by the terms and provisions of said statute said judgment became operative on the expiration of eighteen months from the rendition thereof, and not before."

The trial court made a finding that all the allegations of the petition were true, but decided in favor of the defendant below for the sole reason that the statute of limitations of this state had run against the plaintiff's causes of action. Having found that the facts set forth in the petition were true, it is material to determine what the above-quoted language from the petition means.

If there was a stay of execution only, it would be no obstacle in the way of another action on the judgment before the stay had expired. ( *Gifford v. Whalon*, 8 Cush. 428.) The averment of the petition, however, is indicative of something more than a mere suspension of the right to execute the judgment. It is al-

leged that the judgment did not become "operative" until eighteen months after its rendition.

The statutes of Ohio authorizing delay in the operation of a judgment beyond the date it was pronounced are not set out in the petition nor called to our attention in the briefs of counsel. Judgments usually become operative at the time of rendition, and, in this state, in most cases, relate back to the commencement of the term of court at which they are entered. They then become liens on the real estate of the debtor. If, however, a judgment has no operation until a time stated after it is entered, it can have no effect as a lien before such time. We think the language employed in the petition means that the judgment was so worded that it had no force or effect as a judgment until eighteen months after its rendition. Deducting these eighteen months, the action was begun in time.

The judgment of the court below will be reversed and the cause remanded for a new trial.

CUNNINGHAM, GREENE, POLLOCK, JJ., concurring.