Poll v. Hicks.

67    191
75    476

67    191
80    195

JOHN A. POLL v. W. A. HICKS, *as Trustee.*

No. 12,937.   (72 Pac. 847.)

SYLLABUS BY THE COURT.

1. FOREIGN JUDGMENT—*Appeal Pending — Presumption of Law.*
In an action in this state on a judgment rendered in one of the
circuit courts of Ohio, the defendant pleaded that he had given a
supersedeas bond and appealed the case to the supreme court of
Ohio, where it was still pending   The Ohio statutes respecting
the effect of such appeal were not introduced in evidence. *Held,*
that it will be presumed that the laws of Ohio are like our own,
and that the appeal stayed the execution only, and was not an
obstacle in the way of an action on the judgment.

2. CIRCUIT COURTS OF OHIO — *Jurisdiction.* Circuit courts in Ohio
are vested by the constitution of that state with judicial power.
They are presumed to be courts of general jurisdiction.

3. ———— *Status of Trustee.* A circuit court of Ohio rendered a
judgment and ordered the defendant to pay the amount thereof
to a trustee to be thereafter appointed by a designated insolvency
court. *Held,* that the trustee so appointed will be regarded as a
functionary of the circuit court, and an instrument of the latter
to give effect to its judgment.

Error from Butler district court; C. W. SHINN,
judge.   Opinion filed June 6, 1903.   Affirmed.

*H. W. Schumacher,* and *Redden & Kramer,* for plain-
tiff in error.

*Hamilton & Leydig,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. :  This was an action on a judgment orig-
inally rendered in favor of one John P. Erdhouse
against John A. Poll and others, in the court of com-
mon pleas of Hamilton county, Ohio, and appealed
by the latter to the circuit court, where judgment was
again rendered against him.   The journal entry of
the circuit court recites—

"that the defendant, John A. Poll, pay the sum of

seventy-five hundred dollars ($7500), . . . for which he is found liable to account herein, to the trustee hereafter appointed by the court of insolvency of Hamilton county, Ohio, to administer the trust herein found. And, on failure to so pay said trustee, within ten days from his appointment, then execution shall issue therefor upon said trustee's filing his præcipe for such execution with the clerk of this court.''

Attached to the amended petition was a certificate of the judge and *ex officio* clerk of the court of insolvency, stating in general terms that W. A. Hicks was on March 28, 1898, appointed trustee of John P. Erdhouse for the benefit of the latter's creditors ; that he duly qualified and gave bond. Defendant below moved to strike this certificate from the petition. The motion was overruled. If this ruling was erroneous it was not prejudicial to defendant below, for the reason that the journal entry of Hicks's appointment was afterward introduced on the trial, showing the proceedings in full.

The answer filed by Poll in the court below contained a verified denial of the right, power or authority of the plaintiff, W. A. Hicks, to maintain the action. It also set forth that after the judgment had been rendered in the common pleas court Poll filed his appeal bond and perfected his appeal to the circuit court. It further alleged that if any judgment was rendered in the circuit court it had been duly and legally appealed to the supreme court of the state of Ohio, where it was still pending ; that the defendant below filed a supersedeas bond to stay proceedings in the circuit court, which was duly approved. These allegations respecting the stay of proceedings in the circuit court were stricken from the answer as irrelevant and redundant matter, on motion of plaintiff below. We think there was no error in this. The Ohio statutes were not in-

troduced in evidence.   We can only presume that they are like our own.   (*K. P. Rly. Co. v. Cutter*, 16 Kan. 568 ; *Rogers v. Coates*, 38 id. 232, 16 Pac. 463 ; *Railroad Co. v. Johnson*, 61 id. 417, 59 Pac. 1063.)   Under our practice a supersedeas bond given in proceedings in error serves the purpose of staying the execution of the judgment only.   (*McDonald v. Symns*, 64 Kan. 529, 67 Pac. 1111 ; *Heizer v. Pawsey*, 47 id. 33, 27 Pac. 125 ; *C. B. U. P. Rld. Co. v. Andrews, Adm'r*, 34 id. 563, 9 Pac. 213.)   A stay of execution is no obstacle in the way of another action on the judgment.   (*Gaumer v. Terrel*, 65 Kan. 15, 68 Pac. 1071 ; *Willard v. Ostrander*, 51 id. 481, 32 Pac. 1092, 37 Am. St. Rep. 294.   See, also, 11 Encyc. of Pl. & Pr. 1104, 1105, and cases cited ).

The discussion of the contention by counsel for plaintiff in error that the cause of action was merged in the judgment is foreign to the matter in hand.   This was not an action here on the subject-matter litigated to judgment in Ohio, but a direct action on the judgment itself.

It is contended that the court of insolvency not being a tribunal provided for in the Ohio constitution, and its jurisdiction not having been shown by the statutes of that state, there was no evidence of the right of Hicks, the trustee, to sue on the judgment. It must be kept in mind that the Ohio judgment was rendered in one of the circuit courts, a constitutional court, and, as we will presume, a court of general jurisdiction.   (*Dodge v. Coffin*, 15 Kan. 277.)   It is probable that, in the absence of a constitutional enactment in Ohio vesting judicial power in the circuit court, we would presume it to be a tribunal of general jurisdiction.   (13 A. & E. Encycl. of L., 2d ed., 997.) We know that there was formerly a circuit court of general jurisdiction in this state.   (Laws 1891, ch. 83.)

13—67 KAN.

The same may be said of common pleas courts, one of which is now in existence. (Laws 1891, ch. 92 ) Another was in existence for several years. (Laws 1889, ch. 117.)

For the purpose of this case we regard the trustee designated by the court of insolvency as a functionary of the circuit court. His appointment was ordered in the very judgment which is the basis of this action, and the appointment was incidental merely to the judgment for the purpose of its enforcement. The judgment was not rendered in the insolvency court. That court moved only in the manner directed, and was but an instrument employed by the circuit court to give effect to a judgment of the latter. A receiver appointed by the circuit court would, as a matter of comity, have been allowed to maintain an action in the courts of this state.. ( *Winans v. Manufacturing Co.*, 48 Kan. 777, 30 Pac. 163.)

The judgment of the court below will be affirmed.

All the Justices concurring.