ALFRED CREBBIN v. WILLIAM H. POWELL.

**No. 13,383.**   (74 Pac. 621.)

SYLLABUS BY THE COURT.

JUDICIAL SALE—*Independent Action to Set Aside Deed.* A sheriff's deed will not be set aside in an independent action for that'purpose upon the grounds of inadequacy of price paid and negligence of plaintiff's attorney in guarding his interests, and especially so where those reasons for setting aside the sale were presented by written motion at the time the sale was confirmed and the deed ordered.

Error from Comanche district court; E. H. MADISON, judge. Opinion filed December 12, 1903. Affirmed.

*H. M. Humphreys*, and *L. M. Day*, for plaintiff in error.

*Dick H. Rich*, and *J. S. West*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The plaintiff in error, a resident of Colorado, placed in the hands of his attorney in Denver a note, with a mortgage on lands in Comanche county, Kansas, securing it, for collection. This attorney forwarded the same to an attorney living at Coldwater, in Comanche county, for foreclosure, which was had, with a stay of sale for six months. It seems that the local attorney who procured the foreclosure removed from the county prior to the sale and left the further supervision of the matter with another attorney there. The plaintiff knew nothing about this subsequent arrangement between attorneys. He was not represented at the sale by any one, and the land, which was worth $200 at the time, was stricken off to the defendant in error for $10. The

land was subject, however, to a tax lien of $60, and
the purchaser paid the costs of the action, amounting
to about $32, in addition to his bid, making the total
amount $102 which the land cost him.  The local at-
torney reported the matter to the Denver attorney and
informed him that he would file a motion to set aside
the sale and would have no difficulty in having this
done.  He did file such motion, but failed to attend
court when it came on for hearing or to make any
showing why the sale should be set aside.  The court
overruled the motion and confirmed the sale, and deed
was issued to the purchaser.  Thereafter this action
was brought against the purchaser to set aside this
deed upon the ground of inadequacy of price, and the
shortcomings of his attorney, with allegations of fraud
on his part and collusion by him in the transaction with
the purchaser.  The allegations of fraud and collusion
were not sustained upon the trial and are abandoned
in this court, but it is here contended that the plain-
tiff had a right by this independent procedure to have
this deed set aside because of the unfaithfulness of his
representatives and the inadequacy of price for which
the land was sold.

We are well satisfied that neither one of these things
nor both taken together are sufficient to require the
setting aside of the deed.  Had the court sustained
the motion to set aside and refused to confirm, such
action would hardly have been ground of error, but
this was not done.  The sale was confirmed, the court
at the time having the motion to set aside before it.
This motion contained as grounds therefor substan-
stantially the reasons which are now urged why the
deed should be set aside, to wit, the negligence of the
attorney and inadequacy of price.  This action of the
court in overruling the motion to set aside and sus-

taining the motion to confirm is an adjudication of all the matters now at bar. It certainly would be an anomaly to permit a review of the court's judgment upon these motions in an independent action based upon the same grounds presented before.

The case of *Phillips v. Love*, 57 Kan. 828, 48 Pac. 142, involved this exact question, and it was there held that such independent action could not be maintained. If, however, we were to consider the case upon its merits we should find no error. The inadequacy of price is not glaring, as it appears the defendant actually paid at least one-half the value of the land. The fact that plaintiff's representatives were not diligent in guarding his rights adds little to his claim. If they were unfaithful, he has his remedy against them.

Finding no error in the judgment of the court, it is affirmed.

All the Justices concurring.