## ROBT. T. FURROW, *et al.*, V. SALLY M. CHAPIN.

1. PRACTICE—*in Supreme Court.* Where the parties to an action of replevin file a full set of pleadings and go to trial upon the merits of the action and a verdict and judgment are rendered for the plaintiff, the supreme court will not entertain a question raised for the first time in the supreme court that no affidavit for the order of replevin was ever made.

2. REPLEVIN; *Officer; Party; Judgment.* In an action of replevin against an officer for property seized by him on execution, the plaintiff in the execution is afterward made a party defendant, but not in lieu of nor substituted for the officer, and the petition is not amended so as to allege anything against said new party, and said new party does not in his answer set up any ground for, nor ask, any affirmative relief: *Held,* that a judgment rendered jointly against said officer and said new party for $225 and costs, is erroneous as against said new party.

3. HUSBAND AND WIFE; *Execution against Husband.* An officer who holds an execution against the property of the husband has no authority by virtue of the execution to seize the property of the wife.

4. MARRIED WOMEN—*May sue alone.* A married woman may maintain an action in this state in her own name.

5. ———— *When a Party is a Competent Witness.* Where a married woman replevies property she may testify in the case although the defendant may claim that he as an officer seized and now holds the property as the property of her husband, and that he seized the same by virtue of an execution issued against the property of her husband.

6. PRESUMPTION—*Place of Purchase.* Where a purchase of property is made, but the evidence does not show where, it will be presumed that the purchase was made under laws similar to our own.

7. MARRIED WOMEN—*Purchases with their Separate Property.* A married woman may purchase horses with her own money if she chooses to do so.

## *Error from Nemaha District Court.*

REPLEVIN, brought by *Sally M. Chapin,* against *Furrow,* to recover the possession of two horses. *Furrow* gave a bond, and retained possession of the property. *Furrow's* answer was a general denial. Afterward *Wm. P. McCubbin* petitioned for leave to be joined as a co-defendant, alleging that he was the real party in interest. He was so joined, by order of the court. His answer to plaintiff's petition is set out in the opinion, *infra.* Trial at the April Term 1873 of the district

court.    Verdict and judgment for plaintiff for $225, and the defendants bring the case here.

*Joseph Sharpe,* for plaintiffs in error:

1. The petition in the court below was filed on the 15th of April, 1871, without the said Sally M. Chapin, or any one as her agent, first having filed with the clerk of said district court an affidavit as required by § 177 of the civil code. This is manifestly erroneous; and the whole proceedings were without jurisdiction, and void.

2. On the 27th April 1872, Wm. P. McCubbin was permitted by order of the court to come in and defend the said action as a party in interest.    He first demurred to said petition, and the demurrer was overruled.    This was error, as the petition nowhere mentions the name of the defendant McCubbin; nor is there in it a single allegation that the said Sally had suffered any wrong by the said McCubbin, or had any claim of any sort or nature against him.    McCubbin then answered, showing that the property was taken by Furrow on an execution in favor of McCubbin against the husband of said Sally.

3. The district court should have set aside the verdict and granted a new trial, because it appeared, after all the evidence was in, and from the pleadings, that the defendant Furrow was a *deputy-sheriff,* and as such was not liable to be sued in this action.    The action should have been brought against the *sheriff* of said county.    The acts of the deputy as such are the acts of the sheriff, and he alone is answerable in law for the acts of his deputy. 45 Barb., 154;  37 Barb., 64.

No joint or several judgment could legally be entered up against Furrow for wrongfully detaining the horses as deputy sheriff; and certainly none against McCubbin without some allegation of wrong against him.

4. Could Sally M. Chapin bring this action in her own name, admitting she had a separate property in the horses sued for?    The authorities say she could not. (6 How., 396; 11 How., 184.)    This objection can be taken at any stage of

the proceeding, and was urged on the motion to set the verdict aside and for new trial.

5. The deposition of said plaintiff, Sally M. Chapin, was offered and admitted in evidence against the objections of the defendants. Sec. 1 of ch. 165, Laws of 1872, enacts that husband and wife shall be incompetent to testify for or against each other. The testimony and pleadings show that Sally M. Chapin is the wife of D. M. Chapin, and that the horses claimed in this suit by the said Sally, and which she swears in her deposition are hers, was levied upon by Furrow as the property of her husband, and sold by said Furrow as deputy sheriff to pay the debt that said D. M. Chapin owed to McCubbin. That being so, was she not giving evidence in favor of or against the direct interest of her said husband?

6. But admit the deposition of Sally M. Chapin, and it does not show that she is the legal owner of the horses claimed by her. She deposes that she purchased said horses in some place not in the state of Kansas, as she *sent them to Kansas* about three years before the making of the deposition, and after her marriage with D. M. Chapin. There is no evidence that the laws of the state or country where she so purchased the horses gave a married woman during coverture the right to purchase personal estate and hold it as her separate estate from her husband. In the absence of such proof the rule of law is, that the common law must be in force in the state or country where such purchase was made. If the common law was in force she could not buy or hold the horses claimed here as her separate estate, but in the purchase she would be held to be the agent of her husband and the title would immediately vest in him, and they might have been taken in execution immediately to pay the debts of her husband, even had she purchased them with her own money that she had earned in any business. Story on Conflict of Laws, ch. 8, p. 322; 42 Barb., 378.

7. Sec. 1 of ch. 62, Gen. Stat., commonly called the "married women's act," does not contemplate that a wife during coverture shall turn out horse-trader, and buy and sell horses,

etc., but has carefully set down what shall be the separate estate of a *wife*. Said § 1 defines that all the property a woman may have before her marriage, all property that may come to her by *devise, descent,* or *bequest,* or by the *gift* of any person other than her husband, may be and remain her separate property, and hold the same separate from her husband. This is the only way that a married woman can acquire or hold property as her separate estate from her husband in this state. It can scarcely be claimed that Sally M. Chapin came by the horses she now claims in this action by any of the methods pointed out in the above statute. On the contrary, she expressly deposes that she purchased them and paid for them, and they were no gift.

*J. E. Taylor,* for defendant in error:

1. McCubbin was made a party defendant on his own motion, long after Furrow had given a bond to retain the property, and he and McCubbin had sold the same. Furrow was a proper party defendant, as he was the party in possession and detained it from defendant in error; besides, his giving a bond and selling the property admitted the fact. The bond took the place of the property. No question as to parties was raised in the court below. McCubbin never set up by answers any interest in the property.

2. Mrs. Chapin and not her husband was the owner of this property, under the laws of Kansas. The law of Illinois on the question of the property of married women is similar to ours.

3. The clerk below may have failed to copy the affidavit. No question as to it came before that court. Furrow could not claim that he was prejudiced after giving his bond and selling the property. McCubbin was the real party in interest. A judgment against one or both would be good.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin. Full pleadings were filed in the court below, to-wit, a petition, an

answer, and a reply. A trial was had before a jury upon the merits of the action. A verdict was rendered for the plaintiff below, defendant in error, and judgment was rendered accordingly. The defendants below now bring the case to this court and ask a reversal of said judgment. No affidavit for the order of replevin is copied into the record brought to this court. And the question is now raised for the first time, that no such affidavit was ever made. The plaintiffs in error are too late in raising the question. If no such affidavit was in fact made, they should have raised the question in the court below, and before they went to trial on the merits of the action. The court below never heard nor decided the question, and of course could not have erred in any ruling thereon.

II. The property replevied was taken from the plaintiff by the defendant below, Furrow, as deputy sheriff, on an execution issued against the property of D. M. Chapin, the husband of the plaintiff below. The defendant McCubbin, who was plaintiff in the execution, afterward came in and was made a party defendant. The petition however was not amended; and it at no time stated any cause of action against McCubbin. Indeed, it did not even mention his name. McCubbin answered, but he did not state in his answer any ground for affirmative relief, asked for none. He simply denied "each and every allegation in said petition alleged against him," which really amounted to nothing, as nothing was alleged against him. His answer also alleged "that the property in the goods and chattels was not in the said plaintiff, but was in one D. M. Chapin, and taken in execution of his property by the said defendant, R. P. Furrow, deputy-sheriff of said Nemaha county, before the commencement of this suit, and was sold by the said deputy-sheriff at sheriff sale to the highest bidder long before the commencement of this suit." This was the whole of McCubbin's answer. The judgment was rendered jointly against Furrow and McCubbin for $225 and costs. This we think was erroneous. Such a judgment should not have been rendered

against McCubbin. No *issue* was made up between the plaintiff and McCubbin, as might have been done under § 42 of the code; McCubbin was not made a defendant *in lieu* of Furrow, as he might have been under §§ 43 and 44 of the code; nor was McCubbin *substituted* for Furrow, as he might have been under § 45 of the code. (Gen. Stat., 637, 638.) McCubbin was simply a supernumerary defendant, as the pleadings were made up, and there was nothing to try as between him and the plaintiff. The judgment should also have been rendered in the alternative. (*Jenness v. Cohen*, 6 Kas., 357, 365; *Copeland v. Majors*, 9 Kas., 104, 106; *Wilson v. Fuller*, 9 Kas., 177, 193.) But as no question has been raised in this court with reference thereto we shall say nothing more concerning it.

III. The defendant Furrow is unquestionably liable in this action. The execution against the property of D. M. Chapin did not authorize him to seize the property of Sally M. Chapin.

IV. A married woman may maintain an action in this state in her own name. "A woman may, while married, sue and be sued, in the same manner as if she were unmarried." (Gen. Stat. 563, § 3; id., 636, § 29.) It seems strange that counsel should raise such questions as the last two. (We are now following the brief of counsel for plaintiffs in error.) Some of the questions which we shall hereafter notice have but little better foundation than the two last mentioned.

V. Where a married woman replevies property she may testify in the case, although the defendant may claim that he as an officer seized and now holds the property as the property of her husband, and that he seized the same by virtue of an execution issued against the property of her husband. In the present case the defendant did not testify orally. But a deposition of hers was read on the trial. When the deposition was offered to be read on the trial the defendants objected. But they gave no reason why they objected. (*Simpson v. Kimberlin*, 12 Kas., 579; *Luke v. Johnnycake*, 9 Kas. 511, 518.) And when the objection was overruled, as it

was, by the court, the defendants did not except to the ruling of the court. (*Small v. Douthitt*, 2 Kas., 335, 338.)

VI. The plaintiff purchased said property with her own money. This is shown beyond all controversy. But she purchased it after she was married, and it is claimed by the plaintiffs in error that she purchased it outside of Kansas, and that we must presume that the common law prevailed where she purchased it, and that the property became at once the property of her husband. Now in the first place the evidence does not show *where* she purchased the property; secondly, we are not bound to presume that the common law prevails everywhere or anywhere outside of Kansas; but in the absence of proof we should presume that laws similar to our own exist everywhere throughout the civilized world; and thirdly, even if we should presume that the common law was in force where the plaintiff purchased said property, still we should also presume that the rules of equity were also in force, and when the property was brought to this state the courts under their equitable jurisdiction would protect the wife's equitable rights. (See *Going v. Orns*, 8 Kas., 85, 88, 89.) This property was probably purchased by the plaintiff in Illinois where their statutes are similar to our own. (See Gross' Illinois Statutes, 439; *Emerson v. Clayton*, 32 Ill., 493.) In the present case we shall presume that the purchase was made under laws similar to our own.

VII. A married woman may purchase horses with her own money if she chooses to do so. (Gen. Stat., 563, §§ 2, 4.)

This cause will be remanded, with the order that the judgment of the court below be modified in accordance with the views expressed in this opinion.

All the Justices concurring.