## A. H. ROGERS v. KERSEY COATES.

1. ASSIGNEE—*Averment, Not Denied under Oath.* Where an action is brought in a court of this state, an averment in the petition that the plaintiff is the duly-qualified and acting assignee of a bank in the state of Missouri, which is not denied in the answer of defendant under oath, admits that everything has been done to authorize the plaintiff to bring his action in this state as assignee.

2. ——— In the absence of proof, it will be presumed that the laws of Missouri are similar to those of this state.

*Error from Wyandotte District Court.*

EJECTMENT, by *Coates* against *Rogers*. Judgment for plaintiff, at the July Term, 1885. *The defendant brings the case here. The opinion states the facts.

*Nathan Cree,* for plaintiff in error.

*H. L. Alden,* and *A. Smith Devenney,* for defendant in error.

Opinion by HOLT, C.: The defendant in error brought this action against A. H. Rogers, to recover possession of lot number 243 on James street, Kansas City, Kansas. The plaintiff claimed title as assignee of the Mastin Bank of Kansas City, Missouri; the defendant claimed title under a tax deed. Judgment was rendered for the plaintiff for the possession of the lot, subject to the payment by the plaintiff of the amount of $152.09, a lien for taxes upon the premises.

Plaintiff in error says that the petition does not state a cause of action; that there was not sufficient evidence introduced to sustain one, and that the deed from the Mastin Bank to plaintiff was not competent evidence in the case. He claims that because the Mastin Bank was incorporated under the laws of the state of Missouri, and doing business in that state, the petition must have averred and the evidence shown that the bank had the power under the statutes of that state to make assignments of real estate for the benefit of its creditors, and that it was necessary to aver and prove that such assignment

had been duly recorded, as provided by § 1, ch. 6, Comp. Laws of 1879.   His brief is elaborate, and probably his claim is correct in regard to the law of assignments, but we think he is concluded by the pleadings in this case.   The plaintiff avers that he is the duly-qualified and acting assignee of the Mastin Bank, and that averment is not denied under oath by the defendant.   We believe that averment to mean that all necessary steps have been taken by plaintiff under the laws of Kansas to authorize him in a court of Kansas to bring his action as an assignee of the Mastin Bank of Kansas City, Missouri. There is no evidence whatever in regard to the assignment, nor was there any evidence offered of the laws of Missouri concerning assignments for the benefit of creditors.   In the absence of such testimony, it is to be presumed that the laws of Missouri are similar to our own; and it is to be presumed under such averment, that the necessary steps to make the assignment valid under the laws of Missouri were taken, and also that all steps necessary under ch. 6, Comp. Laws of 1879, were fully complied with to make it a valid assignment in this state.

It is further objected that the deed under which Coates held as grantee was improperly admitted in evidence.   It was admitted in the trial that the title to the real estate in question was in D. E. James, deceased, and that Jenny James was the duly-appointed administratrix of his estate; that the deed was made by her to Thos. J. Bigger and Margaret A. Bigger his wife; from Bigger and wife to Jno. J. Mastin, and from Jno. J. Mastin to this plaintiff.   In the deed from Jno. J. Mastin and wife to the plaintiff it is recited:

"Said property was conveyed to me in part settlement of the large indebtedness of said Bigger to the Mastin Bank, . . and said indebtedness was due to said bank and not to me; but being cashier thereof, the deed was taken by me in my name for the use and benefit of said bank, and which property I acknowledged to hold and to have at all times held in trust for said bank and for its use and benefit, to which it belongs."

The deed of itself is no proof of the assignment of the

Mastin Bank to Coates, yet if that assignment is admitted by the pleadings, this certainly is proof that the title and interest of the bank was in reality conveyed to this plaintiff. That being the case, it was competent evidence.

In regard to the tax deed under which defendant claims, we will state that it seems to be substantially like the one declared to be invalid in the case of *Cable v. Coates,* 36 Kas. 191.

We recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.