H. J. Woolacott v. C. E. Case and George L.
McNeal.

No. 12,145.    (64 Pac. 965.)

SYLLABUS BY THE COURT.

1. Laws of Other States—*Presumption.* The laws of a sister
state, in the absence of proof, will be presumed to be the same
as our own, and this presumption extends to the statutory as
well as the common law of such state.

2. Intoxicating Liquors—*Action on Notes.* As intoxicating
liquors may be lawfully sold for certain purposes, in an action
on notes alleged to have been given as evidencing the purchase-
price of "pure California wines," it is not incumbent on plaintiff
to allege a compliance with the restrictions of the law in making
a sale; a compliance will be presumed.

Error from Sedgwick district; C. Reed, judge.
Opinion filed May 11, 1901. Division one. Reversed.

*Fred W. Bentley* and *T. W. Sargent,* for plaintiff in
error.

*Adams & Adams,* and *Myatt & Brubacher,* for defend-
ants in error.

The opinion of the court was delivered by

Pollock, J.: This action was brought by H. J.
Woolacott against C. E. Case and George L. McNeal
to recover the contract price of a shipment of wine
made by plaintiff from Los Angeles, Cal., to defend-
ants at Wichita, Kan. A demurrer to the petition
was sustained, and, plaintiff electing to stand by his
pleading, judgment was entered against him for costs,
and he brings error.

The petition alleges, in substance, that plaintiff
sold and delivered to defendants, free on board cars
of the Southern Pacific Railway Company at the city
of Los Angeles, Cal., about December 16, 1893, pure

California wines of the value of $1704.76; that plaintiff received from said railway company a bill of lading showing thereon the following words: "J. W. Woolacott, notify C. E. Case." Plaintiff alleges these words to mean that in the common course of business the goods were to be delivered by the connecting carrier at Wichita to C. E. Case upon presentment of the bill of lading by the said C. E. Case. The petition further alleges that prior to the shipment it was agreed between the parties that the bill of lading and four notes equal in amount, evidencing the purchase-price of the wine, due in 30, 60, 90 and 120 days from date, should be forwarded to the Wichita National Bank, Wichita, Kan.; that said notes should be executed by defendants Case and McNeal, the bill of lading delivered, and the notes returned to plaintiff at Los Angeles, all of which was done. This action is based upon the notes so given.

Whether the sale and delivery of the wine, under the allegations of this petition, was a sale and delivery in California or in Kansas, as we view this case, we find it unnecessary to decide. In the absence of proof, this court will presume the laws of California to be the same as the laws of this state. This presumption extends to the statutory as well as the common law. (*Cavallaro v. Texas & Pacific Ry. Co.*, 110 Cal. 348, 42 Pac. 918; *Chapman v. Brewer*, 43 Neb. 890, 62 N. W. 320; *Meuer v. Chi. M. & St. P. Ry. Co.*, 5 S. Dak. 568, 59 N. W. 945, 25 L. R. A. 81.)

The question for our determination is whether the laws of this state preclude plaintiff from a recovery, upon the facts alleged in his petition. Every presumption is in favor of the validity of a contract. It will never be presumed that an act done is in violation of the law. The contrary presumption will be

indulged in, and its invalidity must be shown.   Intoxicating liquors may be sold in this state for medical, mechanical, scientific and sacramental purposes. As the sale alleged might, under certain restrictions, have been made under the law, it will be presumed to have been so made until the contrary appears.   Mr. Black, in his work on Intoxicating Liquors, section 250, says :

"In an action to recover the price of liquors sold, it is not incumbent upon the plaintiff, as a part of his case, to prove that he was duly authorized to make the sale, or that the sale was made in conformity to the restrictions of the law.   Illegality, in such a case, is matter of defense.   And if the defendant would escape liability on this ground the burden is on him to allege and prove that the sale was contrary to law."

This is an action founded on promissory notes. These notes import a consideration.   Mr. Black, at section 257, says :

"Where a plaintiff's cause of action is upon a promissory note, the burden is upon the defendant to show by proof the illegality of the contract, that constituting his defense to the action.   If, under the statute, *all* sales of liquor within the state are illegal, he will establish his defense by merely proving that the consideration of the note was the price of liquors sold in the state.   But where the statute contains exceptions, as authorizing sales by persons holding licenses or permits, or allowing manufacturers to sell for exportation only, then the burden is upon the defendant to satisfy the jury, by direct or circumstantial evidence, that the plaintiff is not within the excepted classes or that the sale was not made for the excepted purposes." (*Craig v. Proctor*, 6 R. I. 547 ; *Brigham v. Potter*, 14 Gray [Mass.] 522.)

As this sale of wine might, under certain conditions and restrictions, have been lawfully made under the

laws of this state, and as it is presumed that the laws of California are the same as those of this state, it follows that the sale, wherever made, will be presumed to have been made in compliance with the restrictions imposed by law.

The judgment must be reversed, with instructions to overrule the demurrer.

DOSTER, C. J., SMITH, ELLIS, JJ., concurring.