THE FIRST NATIONAL BANK OF GALVA, ILLINOIS, v. E. G. NORDSTROM *et al.*

No. 13,829.   (78 Pac. 804.)

SYLLABUS BY THE COURT.

1. LAWS OF OTHER STATES—*Presumption.*   In the absence of evidence to the contrary courts of this state will assume that the laws of a sister state are like our own.

2. PROMISSORY NOTE—*Effect of Alteration.*   Where a negotiable note is executed at one place and payable at another the insertion of the words "with exchange" by the payee, without the knowledge or consent of the maker, does not render such note non-negotiable; nor is it a material alteration.

Error from Rice district court ; JERMAIN W. BRINCKERHOFF, judge.   Opinion filed December 1, 1904.   Reversed.

*C. F. Foley*, and *O. E. Hopkins*, for plaintiff in error.
*Samuel Jones*, for defendants in error.

The opinion of the court was delivered by

GREENE, J. : This was an action on a promissory note. The cause was tried without a jury, and the court made special findings of fact and conclusions of law. It appears that the note in question was executed at Lyons, Kan., and payable at Marshalltown, Iowa ; that the words "with exchange" were printed in the note ; that before it was executed the maker erased these words, but after its delivery the payee, without the knowledge or consent of the maker, rewrote them. As a conclusion of law the court found that this alteration was material, in that it rendered the note non-negotiable under the laws of the state of Iowa, where it was payable. Upon such findings of fact and conclusions of law judgment was rendered for the defendant. So far as the record discloses there was no evidence offered tending to establish what the law of Iowa was in this particular. The courts of Kansas will not take judicial notice of the laws of a sister state, but will assume, in the absence of evidence to the contrary, that they are like our own. (*Rogers v. Coates*, 38 Kan. 232, 16 Pac. 463 ; *Furrow v. Chapin*, 13 id. 107 ; *Dodge v. Coffin*, 15 id. 277, 285 ; *K. P. Rly. Co. v. Cutter*, 16 id. 568 ; *Woolacott v. Case*, 63 id. 35, 64 Pac. 965.)

When a promissory note is made payable at a place different from that at which it is executed the insertion therein of the words "with exchange" does not make the note non-negotiable. (*Clark v. Skeen*, 61 Kan. 526, 60 Pac. 327, 49 L. R. A. 190, 78 Am. St. Rep. 337.) It is not every alteration of a note that will defeat a recovery thereon ; it must be such an alteration as will materially change the contract of the parties. The insertion of the words "with ex-

change'' was not such an alteration; it did not in any way alter the legal effect of the instrument, or change the contract obligation of the parties.   As stated, the note was executed at Lyons, Kan., and payable at Marshalltown, Iowa.  · It was a part of the contract of the maker to pay any expense, either of exchange or express, necessary to make the payment at the place mentioned in the note, and the insertion of the words ''with exchange'' was only a statement of what the contract itself implied.   It did not render the note invalid, or discharge the maker from his liability thereon.   ( 2 Dan. Neg. Inst. § 1389; *Fuller and another, Ex'rs, etc., v. Green,* 64 Wis. 159, 24 N. W. 907, 54 Am. Rep. 600; *Tutt v. Thornton,* 57 Tex. 35; *Bullock v. Taylor,* 39 Mich. 137, 33 Am. Rep. 356.)

The judgment is reversed, and the cause remanded.

All the Justices concurring.