V. L. BERSHEARS v. THE NELSON DISTILLING COMPANY.
No. 16,028.
SYLLABUS BY THE COURT.

1. EVIDENCE — *Judicial Notice* — *Laws of Another State* — *Presumption.* The rule that the courts of this state can not judicially know the laws of another state, and in the absence of evidence will presume them to be the same as our own, applied in an action to recover the price of intoxicating liquors sold and delivered in the state of Missouri.

2. PARTIES—*Cause of Action Arising under the Laws of Another State.* Chapter 325 of the Laws of 1905, authorizing the institution and prosecution of civil actions upon causes of action arising under the laws of other states and territories of the United States provided some person entitled to the proceeds of the action be a resident of this state, enlarges the right to bring civil actions in this state, and does not restrict the prosecutions of suits maintainable here before the statute took effect.

Error from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed May 8, 1909. Reversed.

*T. A. Kramer,* and *George J. Benson,* for the plaintiff in error.

*C. L. Aikman,* and *Ralston & Geddes,* for the defendant in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued for the price of 241.71 gallons of whisky sold and delivered on account to the defendant in the state of Missouri. The defendant answered that the whisky was not sold for medicinal, mechanical or scientific purposes. There was no reply. Judgment was rendered on the pleadings for the plaintiff, and the defendant prosecutes error.

On the face of the petition the sale was presumptively for a lawful purpose, and it devolved upon the defendant to show illegality. To do this he pleaded certain facts. The legal force and effect of those facts as a

defense were to be determined by the law applicable to them. Under the law of this state the answer was conclusive against recovery. The courts of this state do not judicially know the law of Missouri. If any law exists in that state which would purge the sale of the illegality disclosed by the answer it should have been pleaded in a reply. No reply of this kind having been filed, the court had no law by which to estimate the facts of the answer except the law of Kansas. True, the contract was a Missouri contract, but since it did not appear that the Missouri law is different from our own the court was bound to presume it to be the same as our own. (*Bank v. Nordstrom,* 70 Kan. 485; *Poll v. Hicks,* 67 Kan. 191; *Woolacott v. Case,* 63 Kan. 35; *Railroad Co. v. Johnson,* 61 Kan. 417; *Rogers v. Coates,* 38 Kan. 232; *K. P. Rly. Co. v. Cutter,* 16 Kan. 568; *Furrow v. Chapin,* 13 Kan. 107.)

The defendant further pleaded that the plaintiff is a corporation of the state of Missouri, is a non-resident of this state, that its cause of action accrued if at all under the laws of Missouri, and hence that it has no authority to sue in this state because no resident of this state would be entitled to any part of the judgment. This defense is based on the provisions of chapter 325 of the Laws of 1905, which reads as follows:

"Whenever a cause of action has accrued under or by virtue of the laws of any other state or territory, such cause of action may be sued upon in any of the courts of this state, by the person or persons who are authorized to bring and maintain an action thereon in the state or territory where the same arose, provided one or more of the parties entitled to the proceeds of said action are at the time of beginning said action residents of the state of Kansas." (§ 1.)

The defendant misconstrues the purpose of this act. It was intended to enlarge, and not to restrict, the right to bring actions in this state. For example, causes of action created by several of the states and territories of the United States for damages consequent upon

death occasioned by wrongful act were not enforceable at all in this state. (*Matheson v. Railroad Co.*, 61 Kan. 667.) Now, by virtue of the statute, any such causes of action may be sued upon here, provided a resident of this state is entitled to participate in the distribution of the proceeds of the litigation. The right to prosecute claims properly suable here before the statute was enacted is not affected.

A technical defect in the verification of the plaintiff's account appears.

The judgment of the district court is reversed, and the cause is remanded.