E. H. NICHOLS, *Appellant,* v. ROBERT BRYDEN *et al.,* *Appellees.*

No. 17,576.

#### HEADNOTE BY THE REPORTER.

1. FOREIGN STATUTES—*Presumptions.* In the absence of evidence it is assumed that the statutes of Ohio relating to the administration of estates of imbeciles are the same as those of Kansas.

2. GUARDIAN—*Contracts—When Binding.* A guardian of an imbecile can not make a contract to sell the real estate of his ward which is not subject to the approval of the probate court.

Appeal from Greenwood district court. Opinion filed April 6, 1912. Affirmed.

*Howard J. Hodgson,* for the appellant.
*D. B. Fuller,* for the appellees.

*Per Curiam:* The principal objection of appellant is that he was denied a jury trial.

If it be conceded that on the pleadings the appellant was entitled to a jury trial, the error in refusing it is not prejudicial. The case does not depend upon any issue of fact raised by the pleadings, but depends upon the legal question whether the guardian of the imbecile, by herself or through her agent, could make a binding contract to sell the real estate of her ward at a certain price which is not subject to the approval of the probate court. Under the provisions of section 4829 of the General Statutes of 1909 a guardian can sell the ward's real estate only upon the order of the court. In the absence of evidence in reference thereto, we assume that the statutory provisions of Ohio, where both the guardian and ward resided, are the same as ours. Of course the probate court might have ratified her contract and ordered the sale in accordance therewith. The court, however, approved the higher bid of another person and ordered a conveyance of the land to such bidder. The contract of appellant with the guardian, not approved by the probate court, had no legal standing.

Complaint is made of the conduct of one of the appellees toward the appellant. According to the evidence it constituted no betrayal of a trust. It was lawful competition, and appellees owed no legal duty to appellant and should not be compelled to convey the land to him.

Under the evidence and the law applicable thereto, the district court properly found in favor of the appellees and the judgment is affirmed.