No. 22,508.

WERNER, MOSIMAN & COMPANY, a copartnership, etc., *Appellees*, v. WILLIAM F. WINZER and OSCAR G. WINZER, a partnership, etc., *Appellants*.

### SYLLABUS BY THE COURT.

1. REPLEVIN — *Statutory Law of Another State — Legal Presumptions.* There is a legal presumption, in the absence of a showing to the contrary, that the statutory law of another state is the same as the law of Kansas.

2. SAME—*Sale of Chattel—Title Retained in Vendor—Recording of Contract—Innocent Purchasers.* Under section 6508 of the General Statutes of 1915, a written contract for the sale of chattels, where title is retained by the vendor until the purchase price is paid, is void as against an innocent purchaser from the vendee unless the contract is recorded in the office of the register of deeds of the county or counties where the property is permitted or intended to be kept.

3. SAME—*Plaintiffs' Right to Recover Was Question for Jury.* The evidence touching plaintiffs' right to recover possession of an automobile, in replevin, against defendants who had purchased the chattel from plaintiffs' vendee, examined and held to require its submission to a jury to determine whether the defendants were innocent purchasers.

4. SAME—*Evidence of Value of Automobile for Jury.* The evidence touching the value of the automobile in controversy examined, and *held*, that the determination of its value was a jury question.

5. SAME—*No Agreement as to Value of Automobile.* The record examined and held to show no agreement as to the value of the automobile.

6. SAME—*Matters for Review Should First Be Presented on Motion for New Trial.* The record examined and held to show that the matters presented in this appeal required that they be deferred until they were ruled on by the trial court in a motion for a new trial; and held, also, that the trial court was not led into error through any fault or shortcoming on the part of appellants' counsel.

Appeal from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed November 12, 1921. Reversed.

*J. J. Baker*, of Troy, *Bennett R. Wheeler, S. M. Brewster*, and *John L. Hunt*, all of Topeka, for the appellants.

*C. W. Reeder*, of Troy, and *R. C. James*, of Falls City, Neb., for the appellees.

The opinion of the court was delivered by

DAWSON, J.: In this action the plaintiffs were given judgment in replevin for the possession of an automobile, or its value, $1,728.

The defendants complain of two peremptory instructions given by the trial court:

"(No. 1.) . . . at the time of the commencement of the action the plaintiffs were the owners of and entitled to the possession of the automobile in controversy.

"(No. 2.) . . . the undisputed evidence in this case shows that at the time of the commencement of this action the automobile in question was of the value of $1,728."

The correctness of these instructions, which were the basis for the verdict and judgment, depends upon the evidence, and this must be noted at some length. It appears that the plaintiffs, a partnership engaged in business at Falls City, Neb., owned the automobile sometime in 1918. One W. E. Snider was a traveling salesman for the Empire Electric Manufacturing Company of Kansas City. In June, 1918, Snider sought to make a bargain with plaintiffs whereby the latter were to receive certain electrical goods and supplies from his employer in exchange for the plaintiffs' automobile. A contract to that effect was prepared but plaintiffs insisted that it should be signed by Snider's principal, the Empire Electric Manufacturing Company. Snider took the contract away with him and later brought it back to plaintiffs with what purported

Werner v. Winzer.

to be the signature of the Empire Company by its president. The pertinent part of the contract reads:

"For the above consideration Werner Mosiman and Company will deliver to Mr. W. E. Snider one (1) Case 6-60, 1919 Model, 5 passenger sport model automobile with the complete understanding that title shall not pass from the aforesaid Werner Mosiman Company until the complete fulfillment of this contract.

"In connection with this contract the following conditions are stipulated. Should. the Empire Electric Manufacturing Company fail to complete their part of the contract as above stated, they agree to be governed by the conditions stipulated on a promissory note to be executed by the above mentioned Mr. W. E. Snider and attached hereto as a part of this contract for the sum of seventeen hundred twenty eight ($1728.00) dollars for which they as co-makers of this contract will become responsible. . . .

"EMPIRE ELECTRIC MANUFACTURING COMPANY,
"By R. H. BARBER, Pres.

"As a party hereto the undersigned becomes responsible to the Empire Electric Manufacturing Company.                    W. E. SNIDER."

The plaintiffs accepted Snider's note and this contract and delivered the automobile to Snider. The electrical goods contracted for were not delivered and the note was not paid. Shortly afterwards Snider sold the car to defendants for $1,050. The evidence showed that the car was nearly new, and certain witnesses variously testified its value to be $1,500 or $1,600, $1,800, $1,875, one witness putting its value as high as $2,100. It was also shown in evidence that the president of Snider's employing company, R. H. Barber, did not sign the contract and that his signature was a forgery. There was no evidence that the contract had been recorded in Nebraska or elsewhere. The evidence on the point whether the defendants should have been put on their guard in purchasing the car from Snider lay chiefly in the fact that they were buying it for several hundred dollars less than it was worth.

Under the evidence thus summarized, was it correct for the trial court to give a peremptory instruction that the plaintiffs were entitled to the possession of the car? It is a legal presumption in the absence of a showing to the contrary that the statutory law of Nebraska is like our own. (*Newton v. Insurance Co.*, 95 Kan. 427, 148 Pac. 619, and citations.) Our statute reads:

"That any and all instruments in writing or promissory notes now in existence or hereafter executed evidencing the conditional sale of per-

sonal property, and that retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds of the county where the property shall be kept, and shall be entered upon the records the same as a chattel mortgage, and when so deposited shall remain in full force and effect until the amount of the same is fully paid, without the renewal of the same by the vendor; and any conditional verbal sale of personal property reserving to the vendor any title in the property sold shall be void as to creditors and innocent purchasers for value." (Gen. Stat. 1915, § 6508.)

The burden of showing that the contract was recorded in Nebraska or that the *lex loci contractu* did not provide for recording was on the plaintiffs. If the plaintiffs gave permission to Snider to bring the car into Kansas, the contract should have been recorded in Doniphan county or in whatever counties in this state the plaintiffs intended to permit Snider to take it. ·There being no showing to that effect, and the car having been delivered by plaintiffs to Snider, a purchaser who had no notice of Snider's defect of title might lawfully deal with him. It is not very material whether the president of the Empire Company signed the contract or not, since Snider also signed it and was a party to the contract; and neither the Empire Company nor Snider had title to the car as against the plaintiffs; but if the defendants purchased the car in good faith from Snider without notice of any defect in his title they are protected under our statute above quoted. In view of the fact, however, that defendants bought the car at a gross sacrifice on its real value, it seems that the matter should have been left to a jury to determine whether or not the defendants were innocent purchasers.

Less discussion is required to dispose of the peremptory instruction that the "undisputed evidence" showed that the car was of the value of $1,728 at the time the action was commenced. Even in the brief of appellees we find the following:

"No one places the value of this automobile under $1500.00 and one of the appellants valued it as high as $1,800.00 after he had looked up its value. . . . That ($1728) is the value alleged in plaintiff's petition in the district court. There was no great variation from that sum in the evidence."

Clearly the peremptory instruction on the value of the car was erroneous. Its value was a question for the jury.

We note that there is a journal entry of judgment which recites:

"If said automobile cannot be delivered to plaintiffs, then that they have judgment against defendants for the value of said automobile as agreed in the sum of $1,728.00."

The words "as agreed" may be a mere inadvertence, and that the words "as alleged" were intended by the draughtsman. Perhaps it refers to the agreement in the contract where Snider was to give plaintiffs his note for $1,728. Be that as it may, the issue concerning the value of the car was in the case throughout. There was varying evidence of its value according to the presumably qualified opinions of different witnesses, and so far as shown by the record there was no agreement of parties to this lawsuit or their counsel that the value of the car was $1,728.

The appellees argue that because of delay appellants are not entitled to have this cause reviewed on its merits. The judgment was entered on October 9, 1917, the motion for a new trial was filed in time but was not decided until April 15, 1920, and the notice of appeal was served on June 14, 1920. But the matters involved in this appeal are only those which had to await the ruling of the trial court on the motion for a new trial. And while the motion was not argued but submitted with a statement of counsel that the court consider the argument made on the trial, yet the errors in the instructions complained of and which we have reviewed above were clearly set out in the motion; nor is there the slightest reason for supposing that the trial court had been permitted to make these errors through any lack of frankness or mere darkness of counsel on the part of defendants; and the rule announced in *Riverside v. Bailey*, 82 Kan. 429, 108 Pac. 796; *Emery v. Bennett*, 97 Kan. 490, 155 Pac. 1075, and kindred cases has no application.

The judgment is reversed and the cause remanded for a new trial.