### No. 25,843.

FREDERICK MERCADO, *Appellee,* v. A. H. NELSON, *Appellant.*

#### SYLLABUS BY THE COURT.

1. EVIDENCE—*Admissibility.* There does not appear to have been any reversible error committed in the admission of evidence.

2. PLEADING—*Petition Amended to Correspond With Evidence.* No error was committed in permitting the plaintiff to amend his petition to correspond with evidence introduced.

3. TRIAL—*Colloquy Between Counsel—Discharge of Jury.* No error was committed in refusing to discharge the jury after a colloquy between counsel concerning insurance and the examination of a witness, the plaintiff, on that subject.

4. EVIDENCE—*Presumption as to Law of Other States.* In the absence of evidence on the subject, it will be presumed that the laws of Missouri are the same as those of Kansas in actions arising out of personal injuries.

5. TRIAL—*Instructions Consistent With Evidence.* It was not error for the court to instruct the jury to consider all of the facts disclosed by the evidence and determine therefrom whether or not the defendant was liable in damages for the accident occurring in Missouri causing personal injuries, although the evidence did not disclose what was the law of Missouri.

6. SAME—*Instructions Consistent With Pleadings.* The court did not commit error in the instructions concerning the amount that the plaintiff was entitled to recover under the allegations of the petition.

7. SAME—*Sufficiency of Verdict.* No error was committed in accepting the verdict of the jury, in overruling the motion for a new trial, nor in refusing to set aside the verdict, which was not excessive.

8. APPEAL AND ERROR—*Power of Supreme Court to Increase Verdict.* The supreme court has no power to increase the verdict of a jury in favor of one who has sustained personal injuries through the negligence of another.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed April 11, 1925. Affirmed.

*A. L. Berger,* and *Edward M. Boddington,* both of Kansas City, for the appellant.

*A. J. Herrod,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment for damages caused by injuries sustained in being run down by an automobile driven by the defendant in Kansas City, Mo. Judgment was rendered in favor of the plaintiff for $1,500. Both parties appeal.

1. The first complaint of the defendant is that "the court erred in permitting incompetent, irrelevant, immaterial and prejudicial evidence, and in permitting hearsay and secondary evidence to be introduced by plaintiff, and in permitting plaintiff to ask leading and suggestive questions, all over defendant's objections." Briefly stated, one of the several matters here complained of is that a physician and surgeon who treated the plaintiff testified concerning an X-ray picture of the plaintiff's injuries. The picture had been taken by another person, who was not produced as a witness, but it had been taken on the order of the witness who was testifying. The objection was that no foundation had been laid for the introduction of the picture. Another matter complained of is that this physician was permitted to testify that the plaintiff had a cough, pneumonia and chronic bronchitis, which had resulted from the injuries sustained by him. The petition alleged that pneumonia had resulted from the injury, but said nothing about bronchitis.

On the application of the plaintiff, the petition was amended to include bronchitis. The other matters concerning hearsay evidence and leading and suggestive questions have been examined, and the court is unable to see wherein there was any reversible error in the manner in which the plaintiff was permitted to question his witnesses.

2. The defendant insists that "the court erred in permitting plaintiff to amend his petition, over defendant's objection." The occasion for permitting one amendment has been detailed. The petition alleged that the defendant at the time of the accident was driving his car in violation of ordinance No. 28,759 of Kansas City, Mo. On the trial it appeared that the ordinance named had been repealed, and another one, No. 44,580, had taken its place. Upon that fact appearing, the plaintiff asked and was given leave to amend his petition by setting out the number of the new ordinance, but that ordinance was not admitted in evidence. The defendant complains of those amendments, but it does not appear that either of them in any way prejudiced the defendant.

3. The defendant urges that "the court erred in his refusal to discharge the jury, following misconduct and prejudicial remarks of plaintiff's counsel." Matters of which complaint is made concerned the examination of the plaintiff about insurance covering the accident. Counsel for the defendant first cross-examined the plaintiff concerning the amount of insurance he had received. Counsel for the plaintiff then questioned him concerning the insurance be carried. A colloquy between counsel occurred. After that colloquy and the examination, the defendant requested that the jury be discharged. After the defendant went into the matter of insurance on cross-examination of the plaintiff, it was not error for him to explain the matter fully. There is no occasion for the reversal of the judgment on this ground.

4. Another complaint is that "the court erred in overruling defendant's motion to strike out any and all evidence pertaining to any speed of the car, and in overruling defendant's demurrer to the evidence at the close of plaintiff's case." To support his complaint the defendant in his brief says:

"Plaintiff's petition fails to set out the common law, the statutory law or the ordinances in effect in the state of Missouri or the city of Kansas City, and plaintiff erroneously assumes that the laws of Missouri are similar to the laws of Kansas."

Mercado v. Nelson.

It appears that an ordinance of Kansas City, Mo., governing the driving of automobiles was offered in evidence, but was not admitted. The plaintiff's right to recover then stood on the allegation of the petition that the defendant "was driving said automobile without due regard for the safety and convenience of pedestrians, was driving said automobile at a speed in excess of twelve miles per hour, and was driving said automobile at a greater rate of speed than ten miles per hour while plaintiff was upon said intersection and while there was danger of collision with plaintiff, and was so driving said automobile that he did not or could not stop the same when he saw, or by the exercise of reasonable care and skill should have seen, plaintiff in a position of danger, and drove said automobile without having same under proper control and in such a careless and negligent manner as to collide with plaintiff." Plaintiff had been struck by the automobile driven by the defendant while the former was standing at or near a platform waiting for a street car on which he wished to ride. The defendant urges that the plaintiff cannot recover until he has shown what the law of the state of Missouri or Kansas City, Mo., was, and has shown that that law permitted him to recover under the circumstances disclosed by the evidence. We quote from a note to *Brown v. Wright*, 21 L. R. A. 467, as follows:

"As a general rule the law of another state will, in the absence of evidence, be presumed to be the same as that of the state where the court is sitting."

From the same note on page 472 we quote as follows:

"On common-law questions the presumption is that the laws of other states are the same as those of the forum."

See, also, 10 R. C. L. 890; 22 C. J. 154; *Furrow v. Chapin*, 13 Kan. 107; *Rogers v. Coates*, 38 Kan. 232, 16 Pac. 463; *Woolacott v. Case*, 63 Kan. 35, 64 Pac. 965; *Poll v. Hicks*, 67 Kan. 191, 72 Pac. 847; *Savings Assn. v. Worz*, 67 Kan. 506, 73 Pac. 116; *Bank v. Nordstrom*, 70 Kan. 485, 78 Pac. 804; *Sykes v. Bank*, 78 Kan. 688, 98 Pac. 206; *Bershears v. Nelson*, 80 Kan. 194, 101 Pac. 1011; *Nichols v. Bryden*, 86 Kan. 941, 122 Pac. 1119; *Newton v. Insurance Co.*, 95 Kan. 427, 148 Pac. 619; *Werner v. Winzer*, 109 Kan. 647, 202 Pac. 80.

The defendant admits that this is the law concerning all matters arising out of contract, but urges that it is not the law governing matters arising in tort. The court is unable to see why this rule should prevail in actions arising out of contracts and not in action for torts. If the petition had alleged that what the defendant did

had been done in this state, a cause of action would have been stated. The plaintiff alleged that the accident occurred in Missouri. In the absence of pleadings or evidence to the contrary, the courts of this state must presume that the law in Kansas City, Mo., is the same as the law of this state. For that reason it must be held that the evidence was sufficient to prove, and the petition stated, a cause of action.

5. Defendant urges that "the court erred in giving, on its own motion, illegal and improper instructions in the case . . . being numbered 1 to 16, inclusive." Complaint is made of part of one instruction. That part reads as follows:

"The care and precaution necessary in order to be reasonable varies with the circumstances of the case, and the jury in this case should consider all the facts as disclosed by the evidence and decide whether the defendant in this case, while driving his automobile on the viaduct did take reasonable care and precaution to avoid injuring persons who might be upon said viaduct, including the plaintiff in this action; and if the jury finds from the evidence that the defendant at said time and place did not take reasonable care and precaution under the circumstances, as they find them to have been from the evidence, and that by reason thereof he ran into and injured the plaintiff, then you are instructed that you should find a verdict for the plaintiff, unless you find the plaintiff guilty of contributory negligence as hereinafter explained."

The argument concerning this instruction is the same as that to support the proposition that has been disposed of—that the petition did not allege, nor the evidence show, what the law was in Kansas City, Mo. It is not necessary to further discuss that proposition.

6. The court instructed the jury as follows:

"If you find for the plaintiff he is entitled to a verdict for such sum as you find from the evidence will reasonably compensate him for the pain and suffering he has been compelled to endure by reason of the injuries you find he received, if any; and if you further find from the evidence that the injuries, if any you find he received, are permanent or that he has not recovered therefrom, you will also allow him such further sum as you find from the evidence will reasonably compensate him for the pain and suffering which you find from the evidence he may reasonably be expected to endure in the future as the natural and probable result of such injuries, taking into consideration the permanency and probable duration of the same; and if you further find from the evidence that the plaintiff has been unable to earn wages by reason of his injury, then you should also allow him such reasonable sum as will compensate him for the loss which he sustained by being unable to earn wages as aforesaid; and if you find from the evidence that he will suffer a loss of earning capacity in the future by reason of said injuries, you can allow him such further sum as you find from the evidence will reasonably compensate him for such loss as he will sustain in the future as the natural and probable

result of said injuries; and if you find from the evidence that he has been compelled to expend money or become liable for doctors' bills in an effort to be cured of said injuries, then you may allow him such further sum as will reasonably compensate him therefor, not to exceed $200; but your entire verdict cannot exceed, under any circumstances, the sum of $10,000."

The petition alleged—

"His shoulder blade, collar bone, several ribs on the right side, and his chest bone were broken, smashed, contused and injured and the muscles, ligaments and tendons thereof, wrenched, strained, torn and injured, and he received a laceration on the left side of his head; his left knee and kneecap were bruised, contused and injured, and the muscles, ligaments and tendons thereof were strained, torn, and injured; and his head and body were bruised, contused and injured. That as a result of said injuries plaintiff developed pneumonia and suffered severe pain and anguish and all of said injuries are permanent.

"That prior to the time said injuries were received plaintiff was a strong, able-bodied man, capable of and earning three dollars ($3) per day, and as the result of receiving said injuries he has been and for a long time in the future will be unable to work, to his damage in the sum of five hundred dollars ($500).

"That he has and will be compelled to expend and become liable for large sums of money for medicine and medical attention, to his damage in the sum of five hundred dollars ($500).

.　　.　　.　　.　　.　　.　　.　　.　　.　　.　　.　　.

"Wherefore, plaintiff prays judgment against defendant in the sum of ten thousand dollars ($10,000) and costs."

The defendant insists that damages to the extent of $1,000 only were alleged and that judgment should have been rendered for but $308. . The plaintiff's evidence showed that his damage on account of medical assistance was $200. The damages for the physical injuries to the plaintiff were not alleged in dollars and cents; his damages for loss of time were alleged to have been $500, and for medicine and medical attention, an additional $500. The two elements of loss of time and medical attention cannot be construed to embrace and include the damages of the plaintiff for the pain and suffering and physical injuries sustained by him. There was no error in the instruction of the court concerning the amount that the plaintiff could recover.

7. The other complaints of the defendant may be treated under one head. They are that "the court erred in accepting the verdict of the jury, the same being not based upon the law or the evidence. The court erred in overruling this defendant's motion for a new trial, and the court erred in refusing to set aside the verdict on the plaintiff's admissions and evidence of plaintiff. The same being

contrary to the law and the evidence and admissions of plaintiff, and against the weight of the evidence," and that "the court erred in permitting the verdict to stand, the same being excessive, extravagant, and rendered under the influence of passion and prejudice." No additional argument is presented by the defendant to support these matters. They have been disposed of by what has been said and need not be further discussed.

8. The plaintiff on his appeal urges that the judgment be increased from $1,500 to $3,000, but acknowledges that he is unable to find any authority in this state to justify the court in doing what he wants done. A new trial is not desired. He argues that under sections 60-3317 and 60-3330 of the Revised Statutes the court has this power, and cites cases from other states where verdicts have been increased. This court has often directed that judgments be decreased or a new trial be granted, giving the party against whom the order was made the option of taking one or the other; but the court does not see how it can under the statutes of this state direct that the judgment be increased. In addition to what has been said, it does not appear that the verdict does not compensate the plaintiff for the injuries sustained by him.

The judgment is affirmed.