No. 26,339.

LUCILLE LOEWENSTEIN, *Appellee*, v. THE MISSOURI STATE LIFE INSURANCE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

EVIDENCE—*Laws of Sister State—Proof.* Where the statute of another state is relied upon it must be proven as other facts are proven, and in the absence of evidence as to such a statute the law of this state is the only law of which the court may take judicial cognizance.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed January 9, 1926. Affirmed.

*Robert Stone, George T. McDermott, Robert L. Webb, Beryl R. Johnson,* all of Topeka, and *Frank W. McAllister,* of Kansas City, Mo., for the appellant.

*R. H. Worline,* of Kansas City, and *W. W. McCanles,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Lucille Loewenstein against the Missouri State Life Insurance Company to recover upon a life insurance policy issued by the company on the life of her husband. After plaintiff's evidence was introduced the defendant interposed a demurrer thereto, which was overruled. The defendant offered no evidence, but stood upon that of the plaintiff, and judg-

Evidence, 23 C. J. p. 133 n. 30; 67 L. R. A. 34; 15 R. C. L. 1071. Statutes, 36 Cyc. p. 1252 n. 90, 94, 96.

ment was rendered in favor of plaintiff, from which defendant appeals.

The main facts of the case were agreed upon, from which it appears that on April 6, 1923, the policy was issued in which the plaintiff was named as beneficiary, and that the premium for one year was paid. The insured died on May 23, 1924. A letter was written by the defendant company to the deceased calling attention to the fact that a premium was due thereon and suggesting methods for reinstatement of the policy. The contract was made in Missouri, where the insured resided and continued to reside until his death. It is conceded that the laws of Kansas relating to forfeiture or cancellation of a policy on account of nonpayment of a premium were not given. (R. S. 40-332 and 40-333.) The law of Missouri was neither pleaded nor proven. When a reference was made to the Missouri law the court asked counsel for defendant if they desired to introduce anything upon the subject, whereupon they stated in effect that they did not desire to offer any evidence.

The contention of the defendant is that the trial court should have taken judicial notice of the laws of Missouri, including its statutory enactments, and insist that the rule which had prevailed in this state, that foreign laws or laws of other states must be pleaded and proved, should be overruled, and that the court was not warranted in assuming that the statutory law of Missouri was the same as that of Kansas. Under the cited statute of Kansas a notice of an intention to forfeit or cancel the same is obligatory, and under these provisions the plaintiff established a right of recovery. The question presented is, should the court have taken judicial notice of the laws of Missouri, which it is said differ from those of this state relating to forfeiture of insurance policies? The law of Missouri on the subject was not proven although the court suggested and in effect invited the defendant to offer such proof, but it chose to stand on the plaintiff's evidence, and insisted that as the contract involved was made in Missouri the court must take judicial notice of the law of Missouri applicable to such a contract. From the beginning it has been the settled rule in Kansas that the court cannot take judicial notice of the law of another state, and where it is relied upon it must be proven as other facts are proven, and in the absence of evidence as to such a law the law of the forum is the only law on the subject of which the court may take judicial cognizance. The rule was announced in *Porter v. Wells,* 6 Kan. 448, and has

been restated and applied again and again throughout our series of reports, down to *Mercado v. Nelson,* 118 Kan. 302, 235 Pac. 123. Some states have changed the rule by the enactment of statutes providing that judicial notice may be taken of the laws of another state, or foreign government, but no such change has been made in this state. Instead, our legislature has · recognized the existence of the rule by the enactment of a statute providing the methods and character of proof by which the laws of another state or of a foreign government may be proven as facts. (R. S. 60-2852.) A rule so long established and so recognized cannot lightly be set aside. *Motor Co. v. Warren,* 113 Kan. 44, 213 Pac. 810, is cited in opposition to the rule, but that case recognizes its existence, and what was said of it .by way of criticism cannot be regarded as more than a suggestion of legislative change. In determining the question the trial court followed repeated decisions of this court, and' its judgment must be affirmed.