No. 39,224

GORDON COURTRIGHT, a Minor, by Lester Courtright, his father and next friend, *Appellee* and *Cross-Appellant*, v. REX MOORE, *Defendant*, CHALMERS & BORTON, a co-partnership consisting of C. H. Chalmers and J. T. Borton, as partners and individually, *Appellants* and *Cross-Appellees*, and THE TRAVELERS INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, a corporation, *Defendant*.

(269 P. 2d 480)

Opinion filed April 10, 1954.

*D. H. Postlethwaite*, of St. Francis, argued the cause and was on the briefs for the appellants and cross-appellees.

*Fred Rueb*, of St. Francis, argued the cause and was on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

PRICE, J.: This was a damage action arising out of the collision of two vehicles in an intersection. Plaintiff's petition sought recovery for damage to his vehicle and for personal injuries. The answer denied all allegations of negligence and cross-petitioned to recover for damage to the vehicle owned by certain of the defendants.

The jury returned a general verdict for defendants in the amount of $518, and answered special questions which specifically found plaintiff to be guilty of negligence and absolved the driver of defendants' vehicle of negligence.

Defendants filed a motion for judgment notwithstanding the general verdict in which they moved the court to enter judgment in their favor for the sum of $1,147, for the reason that such amount was agreed upon in open court as being the amount defendants would be entitled to recover, if at all.

Defendants also filed a motion for a new trial on the ground the verdict was in part contrary to the evidence, which was later amended so as to ask for a limited new trial on the question of damages only.

Plaintiff also filed a motion for a new trial on the ground that the verdict was in whole or in part contrary to the evidence and not supported by the evidence.

All three of these motions were overruled, and the court entered judgment in favor of defendants and against the plaintiff in the amount of $518, in accord with the general verdict.

Defendants have appealed and specify as error the rulings of the trial court in denying their motions for judgment notwithstanding the verdict, and for a limited new trial on the question of damages only.

Plaintiff has cross-appealed from the judgment and from all other adverse rulings.

With respect to plaintiff's cross-appeal it is sufficient to state that it has not been made to appear the special findings of the jury are not sustained by the evidence. As stated, the jury specifically found that plaintiff was guilty of negligence and specifically absolved the driver of defendants' vehicle of negligence. We have examined

plaintiff's contentions with respect to the application of G. S. 1949, 8-552, requiring vehicles to stop at the entrance of a through highway, but find them to be without substantial merit. Insofar as plaintiff is concerned the trial court did not err in overruling his motion for a new trial and in entering judgment on the general verdict.

We pass now to defendants' appeal.

It is contended there was no basis in the evidence for the jury to return a general verdict in the amount of $518, and that as the only evidence on the question of damage to defendants' vehicle was an agreement by counsel that the damage to such vehicle was $1,147, the jury, since it found in favor of defendants, was not justified in returning a verdict in any amount other than that figure. In this connection the record shows the following:

"Mr. Postlethwaite [counsel for defendants]: It is agreed that the value of the pick-up immediately prior to the collision was $1,400.00, that the salvage was worth $253.00, and that the damage sustained by Chalmers and Borton for the loss of the 1951 Ford pick-up was in the sum of $1,147.00.

"The Court: Is that correct, Mr. Rueb?

"Mr. Rueb [counsel for plaintiff]: Correct."

The record also shows that in his closing argument to the jury counsel for plaintiff stated:

"If the defendants are entitled to recover, they are entitled to a judgment for $1147.00. That is all admitted. There is no argument about that."

With reference to their motion for a limited new trial on the question of damages only, defendants contend that as all questions of negligence and liability for the collision have been fully determined by the jury it is unnecessary to retry those issues, and if their motion for judgment for the higher figure is not sustained an order should be entered granting them a new trial on the question of damages only. In this connection, they rely on a number of decisions in which such limited new trials have been held proper, among them being *Paul v. Western Distributing Co.*, 142 Kan. 816, 52 P. 2d 379.

Inasmuch as the parties abstracted only a portion of the court's instructions this court sent for the files of the case in order to ascertain how the jury was instructed with reference to the amount defendants were entitled to recover, if at all. We find that in instruction No. 15 the trial court referred to the sum of $1,147 as being the amount claimed by defendants, but the court, in the same instruction, also instructed that the burden of proof was upon de-

fendants to establish the amount of their damage, if any, by a preponderance of the evidence. The court further instructed that a proper measure of damage would be the difference in value of defendants' vehicle immediately before and immediately after the collision.

In instruction No. 18 the jury was advised that no proof was necessary of facts admitted by the parties in their pleadings or in statements made by them in open court.

Notwithstanding statements found in some of our decisions to the effect that a jury is not authorized arbitrarily to reject uncontradicted evidence, we are still confronted with the fact that in a case of this kind jurors are the exclusive judges of the evidence and of the credibility and weight to be given thereto. Furthermore, we are confronted with the well-established rule that this court has no power to increase the verdict of a jury in a case of this nature. (*Mercado v. Nelson*, 118 Kan. 302, 308, 235 Pac. 123; *Converse v. Wichita Gas Co.*, 132 Kan. 291, 295 Pac. 635.)

And finally, we are confronted with the fact the trial court did not specifically designate what the amount of the verdict should be in the event it was in favor of defendants. That question was left to the jury to determine. It is quite true that there is nothing in the record to throw any light on the question of just how the jury arrived at the figure of $518 as being the amount defendants were entitled to recover. The matter was not covered by the special questions and answers, but under the instructions given it was within the jury's province to return the verdict that it did. As heretofore stated, the trial court approved the general verdict and entered judgment thereon, and the fact is entitled to great weight.

We have concluded that the only proper disposition of this appeal is to affirm the judgment of the lower court unless within twenty days from the date this opinion is filed defendants notify the clerk of this court that they accept a new trial, in which event it is directed that such new trial be had upon all issues.

It is so ordered.

Smith, J. (dissenting): I dissent. This new trial should have been on the issue of damages only.